AMERICAN HORSE PROTECTION AS-SOCIATION, INC., and The Humane Society of the United States, Plaintiffs-Appellants,

v.

James WATT, Secretary of the Department of Interior, Frank Gregg, Director, Department of Interior, Edward Hastey, Associate Director, Department of Interior, et al., Defendants-Appellees.

No. 80–4522.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 1982.

Decided June 7, 1982.

Russell J. Gaspar, Washington, D. C., argued, for plaintiffs-appellants; David M. Barrett, Joseph E. Schuler, Barrett, Hanna, Daly & Gaspar, Washington, D. C., on brief.

David H. Shilton, Atty., U. S. Dept. of Justice, Washington, D. C., argued, for defendants-appellees; Dirk Snel, Washington, D. C., on brief.

Before BROWNING, Chief Judge, SKOPIL and NORRIS, Circuit Judges.

PER CURIAM:

We are asked to review the district court's refusal to enjoin an "interim" wild-horse roundup prior to the filing of an Environmental Impact Statement. The facts are sufficiently outlined in prior opinions on this matter. *American Horse Protection Ass'n v. Andrus*, 460 F.Supp. 880 (D.Nev.1978), *aff'd in part, vacated in part and remanded*, 608 F.2d 811 (9th Cir. 1979). On remand, the district court refused to enjoin a roundup scheduled for September 15, 1980. Appellants filed this appeal on October 24, 1980. They unsuccessfully sought a stay pending appeal from the district court. The roundup originally scheduled for September 15 was completed on November 12, 1980 while this appeal was pending. On February 5, 1981, we granted Appellants' motion to enjoin further roundups pending appeal.

The Secretary contends the case is moot. We agree. Only the September 15 roundup can be challenged as lacking an EIS or as having violated the Wild Free-Roaming Horses and Burros Act, and that roundup has been completed. We cannot order its effects undone. *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978). An EIS has since been filed. Appellants' argument that the EIS is inadequate is not before us since it has not been presented to a district court.

Appellants assert this case involves actions capable of repetition yet evading review. Twelve EIS's are planned for the State of Nevada and only one, for the Tonopah District, has been completed. The twelfth will not be completed until 1988. It is undisputed that additional "interim" roundups are planned. Repetition of the complained-of action is therefore likely.

We are unconvinced, however, that a repetition will evade review. Although the record does not contain the decree, the district court's order notes that "the parties were directed to formulate a decree providing for appropriate notice to AHPA of proposed actions ... and giving to AHPA a reasonable opportunity to challenge BLM action ...." The district court has, therefore, specifically provided for judicial review before action is taken. In the event of an adverse ruling by the district court, plaintiffs can seek a stay pending appeal. Where prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not one that will evade review. *Marshall v. Whittaker Corp., Berwick Forge & Fabricating Co.*, 610 F.2d 1141, 1146 (3d Cir. 1979).

Dismissed.