**HEADWATERS, INC.,
Plaintiff–Appellant,**

**v.**

**BUREAU OF LAND MANAGEMENT, MEDFORD DISTRICT; David A. Jones, District Manager, in his official capacity; officers and agents of the Bureau of Land Management; Medford District, in their official capacities, and Janco Logging Company, Defendants–Appellees.**

**No. 88–3825.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1989.

Memorandum Sept. 28, 1989.

Opinion as Modified on
Denial of Rehearing Jan. 11, 1990.

---

**3.** The exemption amount claimed in the sched-      ules is $900.

Martin M. Matzen, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before CANBY, THOMPSON and LEAVY, Circuit Judges.

CANBY, Circuit Judge:

Headwaters, Inc., a not-for-profit environmental organization, appeals the district court's decision, 684 F.Supp. 1053, denying Headwaters' request for a permanent injunction and declaratory relief. Headwaters sought to enjoin the Bureau of Land Management, Medford District (BLM) [1] and Janco Logging Co. (Janco) from logging three units of the 16–unit Two T's timber sale. Headwaters claims that BLM managed the three units and other public domain lands in violation of the Federal Land Policy and Management Act of 1976 (FLPMA), 43 U.S.C. §§ 1701–1782.

We do not reach the merits of Headwaters' claim. Because Janco had cut all the timber on the three disputed units and had hauled 50 percent of the logs from the site as of August 11, 1988, we remand with instructions to vacate the judgment below and dismiss this appeal as moot.

## BACKGROUND

The Josephine Sustained Yield Unit (the Josephine Unit) is a 425,720–acre management unit within BLM's Medford District in Southwestern Oregon. Eighty-nine percent of the lands within the Josephine Unit are revested Oregon and California Railroad and Coos Bay Wagon Road grant lands managed by BLM pursuant to 43 U.S.C. § 1181a *et seq.* ("O & C Act"). Under the O & C Act, O & C lands must be managed for the primary purpose of sustained yield timber production *unless* such lands are unsuitable for timber production. 43 U.S.C. § 1181a.

The remaining lands within the Josephine Unit are classified as public domain (PD)

Charles G. Levin, Ashland, Cal., for plaintiff-appellant.

1. Other defendants include David A. Jones, district manager of BLM, and other "officers and agents" of BLM. These federal defendants/appellees are referred to collectively as "BLM."

land.[2] PD land, public lands under the jurisdiction of BLM, must be managed subject to the FLPMA. Although the FLPMA does not prescribe any particular use or uses for PD land, Congressional policy dictates that PD units be managed "on the basis of multiple use and sustained yield unless otherwise specified by law." 43 U.S.C. § 1701(a)(7).

In 1985, BLM proposed the Two T's timber sale (the Sale) as part of the implementation of a Ten–Year Timber Management Plan. The Sale involved 16 units [3]—three on PD land and 13 on O & C land—allocated for "high intensity" forest production.[4] Janco purchased the rights to log the 16 units.

Headwaters filed suit on November 18, 1987 to challenge BLM's management of the three "high intensity" PD units included in the Sale. Headwaters contends that BLM employed *dominant use* criteria, properly applied only to management of O & C land, to the management of the PD units, instead of undertaking the *multiple use* analysis required by the FLPMA and BLM's regulations. According to Headwaters, this misapplication of management criteria violated the FLPMA and improperly "preclud[ed] consideration of other appropriate management strategies for the three PD units—strategies which should have considered the units' scenic, recreational, wildlife, fisheries and watershed values."

On cross-motions for summary judgment, the district court denied Headwaters' request for a permanent injunction and declaratory relief. The district court on May 18, 1988, and a motions panel of this court on May 26, denied Headwaters' motion for an injunction pending appeal. By August 11, 1988, Janco had cut all of the timber from the three PD units included in the Sale and had removed half the logs from the site. Janco subsequently filed an unopposed motion to dismiss Janco as a party. This motion was granted by the motions panel on September 23, 1988. Motions to dismiss this appeal as moot were referred to this panel.

## DISCUSSION

Because the three PD units included in the Sale have already been logged, BLM contends that this case is moot. BLM characterizes Headwaters' suit as a narrow claim that "the BLM 'has not given ample consideration' to using the [ ] three [PD] units of the Two T's sale for purposes other than the 'high intensity' forest production to which these lands were allocated in BLM's 1979 plan for [the Josephine Unit]." Therefore, BLM reasons, effective relief is no longer available with respect to the Sale and the case is moot.[5]

Headwaters rejects this contention, characterizing the case as a broader challenge to the role and adequacy of BLM's Management Framework Plan (MFP) as it pertains to BLM's management of all "high intensity" PD lands in the Medford District. In other words, Headwaters contends that the MFP and succeeding documents do not constitute an adequate site-specific multiple use analysis, complying

---

**2.** There are 94,962 acres of PD land in the Medford District. Roughly half of these acres lie in the Josephine Unit.

**3.** The 16 units included in the Sale cover 474 acres of the Josephine Unit. 117 of these acres are PD land.

**4.** "High intensity" describes "commercial forest lands ... suitable for continuous timber production with reasonable assurance of successful results from the application of intensive timber management practices." BLM, U.S. Dept. of the Interior, Josephine Sustained Yield Unit Final Environmental Statement 1–5 (1979).

**5.** The first paragraph of Headwaters' narrowly-drawn Amended Complaint states that BLM failed to comply with the FLPMA and its own regulations "when planning for the logging of section 30—units of public domain land—in the Two T's timber sale." To establish standing, Headwaters discussed *only* its members' connection to the three disputed units. To establish exhaustion of remedies, Headwaters relied on communications to BLM regarding "the units in section 30." The Amended Complaint's first and only request for relief was similarly narrow, alleging various legal violations based on BLM's authorization of "logging as planned on units 30–1, 30–2, and 30–3, without considering appropriate multiple use values or resources other than high-intensity timber production."

with the FLPMA, for approval of projects involving PD land.

■ BLM has a heavy burden to demonstrate mootness. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979). "A moot action is one where 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Northwest Environmental Defense Center v. Gordon*, 849 F.2d 1241, 1244 (9th Cir.1988) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam)). *See also United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir.1984) ("A claim is moot if it has lost its character as a present, live controversy") (citing *Connolly v. Pension Benefit Guaranty Corp.*, 673 F.2d 1110, 1113 (9th Cir.1982)). We cannot take jurisdiction over a claim to which no effective relief can be granted. *Geophysical Corp. of Alaska*, 732 F.2d at 698.

Headwaters sought a preliminary injunction against logging the three PD units and a permanent injunction against logging the three units without compliance with the FLPMA. No injunction can restore the trees which were logged on the PD lots. Therefore, Headwaters' injunctive claim is moot. *See Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978) ("Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot").

■ Headwaters also requested both "a declaration that the BLM failed to consider multiple use values in the [PD] units of [the Sale] to the degree required by FLPMA," and "[a] declaration that the BLM may not manage its [PD] lands identically to its O & C lands, unless such O & C lands are managed for multiple uses to the degree required by FLPMA." We have a duty to decide "'the appropriateness and the merits of the declaratory request irrespective of ... the propriety of the issuance of the injunction.'" *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 121, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1974) (citations omitted). "[T]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be *any* effective relief.'" *Northwest Environmental Defense Center v. Gordon*, 849 F.2d at 1244–45 (quoting *Garcia v. Lawn*, 805 F.2d 1400, 1403 (9th Cir.1986) (emphasis added in *Gordon*)).[6]

A case or controversy exists justifying declaratory relief only when "the challenged government activity ... is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." *Super Tire Engineering Co.*, 416 U.S. at 122, 94 S.Ct. at 1698. The adverse effect, however, must not be "so remote and speculative that there [is] no tangible prejudice to the *existing interests* of the parties." *Id.* at 123, 94 S.Ct. at 1698 (discussing *Oil Workers Unions v. Missouri*, 361 U.S. 363, 371, 80 S.Ct. 391, 396, 4 L.Ed.2d 373 (1960) (emphasis added). Headwaters framed its case narrowly, *see* note 5, *supra*, and the policies against which it seeks a declaration can have no effect on the three PD units of the Two T's sale. The application of the disputed policies to future sales is too uncertain,[7] and too contingent upon the BLM's discretion, to permit declaratory adjudication predicat-

6. *Northwest Environmental* is distinguishable from this case. There, effective relief was available to rectify and mitigate the effects of the prior violation affecting a fish harvest. No relief will bring back the trees. However, in both cases the petitioner made a broad request for such other relief as the court deemed appropriate. *Northwest Environmental* indicates a willingness to construe this clause in a complaint broadly to avoid mootness. *Id.* at 1245.

7. The continuing governmental policy to use carbaryl as a spray pesticide in populated areas, reviewed in *Oregon Environmental Council v. Kunzman*, 714 F.2d 901 (9th Cir.1983), was far simpler and more certain in its future application than the BLM policies at issue here. Moreover, the issue in *Oregon Environmental Council* was capable of repetition, yet evading review. *Id.* at 903.

ed on prejudice to Headwaters' "existing interests." *Super Tire Engineering Co.,* 416 U.S. at 123, 94 S.Ct. at 1698. We conclude, therefore, that Headwaters' claim for declaratory relief is also moot.

Headwaters' challenge may nonetheless be reviewed if the BLM's allegedly illegal practice is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). Under this exception, federal courts may exercise jurisdiction over otherwise moot matters in which █ the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and █ there [is] a reasonable expectation that the same complaining party would be subjected to the same action again. *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975). This "'repetition/evasion' exception is a narrow one, and applies only in 'exceptional situations.'" *Lee v. Schmidt-Wenzel,* 766 F.2d 1387, 1390 (9th Cir.1985) (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983)).

█ Assuming, without deciding, that the action challenged is capable of repetition, the "evasion" prong of the exception is not satisfied. "Where prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not one that will evade review." *American Horse Protection Ass'n, Inc. v. Watt,* 679 F.2d 150, 151 (9th Cir.1982) (per curiam) (citing *Marshall v. Whittaker Corp., Berwick Forge & Fabricating Co.,* 610 F.2d 1141, 1146 (3d Cir.1979)).[8] Any further timber sales in the Josephine Unit can be attacked in court and restrained if the court finds reason to restrain them. This case therefore does not present the exceptional situation sufficient to avoid mootness.

We order this case REMANDED to the district court with instructions to vacate the judgment below and dismiss the action as moot.[9]

---

8. Contrary to Headwaters' assertions, it is irrelevant that Headwaters sought a stay pending appeal and the stay was denied. A similar denial occurred in *American Horse Protection Ass'n* and the case nonetheless did not satisfy the "evading review" test. 679 F.2d at 151.

9. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39 & n. 2, 71 S.Ct. 104, 106 & n. 2, 95 L.Ed. 36 (1950); *Funbus Systems, Inc. v. California Pub. Util. Comm'n,* 801 F.2d 1120, 1131 (9th Cir.1986). *See also Harrison Western Corp. v. United States,* 792 F.2d 1391, 1393 (9th Cir.1986) (vacation and remand with direction to dismiss is "usual practice" in mootness cases).