947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James PIATT, Plaintiff-Appellant,
v.
James ADAMS; Jay Adkins, Defendants,
and
CPO Delagarza, Defendant-Appellee.
 No. 90-16755.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 30, 1991.
 
 Before SNEED, HUG, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Piatt, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against various prison officials and staff.[1] We have jurisdiction under
 
 
 3
 An action is moot if the issues are no longer live or the parties lack a legally cognizable interest in the outcome. Headwaters, Inc. v. Bureau of Land Management, 893 F.2d 1012, 1015 (9th Cir.1989). This court cannot take jurisdiction over claims for which no effective relief can be granted. Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185, 1189 (9th Cir.1986). "Where the question sought to be adjudicated has been mooted by developments subsequent to the filing of the complaint, no justiciable controversy is presented." Id.
 
 
 4
 Here, Piatt sought declaratory relief in connection with the disciplinary actions taken against him on April 12 and May 13, 1985. Prior to the adjudication of these claims, however, the disciplinary charges were dismissed and all reference to the charges were stricken from Piatt's prison records. Thus, the district court cannot grant effective relief, and Piatt's claim for declaratory relief against the defendants is moot. See id.
 
 III
 
 5
 Piatt's contention that the district court erred in dismissing the claim against defendant Adams also lacks merit.
 
 
 6
 The district court granted summary judgment in favor of defendant Adams on Count II of the amended complaint based on a finding of qualified immunity. Without regard to the issue of qualified immunity, Piatt nevertheless received only a verbal reprimand for the alleged rule violation, all reference to the disciplinary action was stricken from Piatt's records, and Piatt did not show that Adams's actions were retaliatory in nature. In light of these facts, Piatt suffered no compensable injury. See Carey v. Piphus, 435 U.S. 247, 255 (1978). Accordingly, the district court properly dismissed the claim against Adams.
 
 IV
 
 7
 Piatt contends that the district court erred in denying his motion for a new trial. In his motion, Piatt claimed that (1) the jury verdict was against the weight of the evidence and (2) the jury instructions were improper. In an unpublished order filed October 26, 1990, the district court considered and addressed these issues. We affirm the denial based on the analysis set forth in the district court's well-reasoned order.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On June 4, 1985, the district court dismissed defendant Adkins from the action, finding "no allegation against Jay Adkins which would subject him to liability under the civil rights act." Defendant Delacruz was dismissed from the action on a motion for a directed verdict. On appeal, Piatt does not challenge the dismissal of either Adkins or Delacruz