967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TRUSTEES FOR ALASKA; The Rural Alaska Resources
Association, Petitioners,
v.
UNITED STATES DEPARTMENT OF INTERIOR, Respondent,
ARCO, Alaska, Inc., Respondent-Intervenor.
 No. 91-70551.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1992.
Decided June 16, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioners seek review of the Secretary of Interior's approval of ARCO's plan to engage in exploratory oil operations in Cabot Prospect off Northern Alaska in the Beaufort Sea. They assert that the Secretary's approval violated the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 et seq. Their principal claim is that the Act required the Secretary to reject ARCO's plan until ARCO complied with the "incidental take" provisions of the Marine Mammal Protection Act, 16 U.S.C. § 1371(a)(5). We conclude that the case is moot and we dismiss the petition.[1]
 
 
 3
 * Early in 1991, ARCO submitted its proposed plan of exploration for Cabot Prospect. The plan provided for the drilling of two exploratory wells, with the first scheduled to begin in November 1991 and be finished in mid-February 1992. If necessary, ARCO would drill a second well in March 1992, which would be completed in the following August.
 
 
 4
 The Secretary approved ARCO's plan of exploration in July 1991. In contemplation that ARCO could encounter polar bears and other marine life while drilling, he advised the company that the Marine Mammal Protection Act prohibits the taking of marine mammals unless Letters of Authorization are obtained. Petitioners filed for review in September 1991, challenging the Secretary's approval of the exploration plan prior to ARCO's compliance with the Marine Mammals Protection Act.
 
 
 5
 ARCO completed all relevant exploration activities under its plan in March 1992, and abandoned the single exploratory well drilled at Cabot Prospect. Its mobile offshore drilling unit will be removed when ice-free conditions permit. ARCO and the Secretary moved to dismiss the Trustees' petition on the ground of mootness.
 
 II
 
 6
 An appeal is moot if the reviewing court can no longer grant effective relief. United States v. Oregon, 718 F.2d 299, 312 (9th Cir.1983). Here, we no longer have the ability to grant effective relief to Petitioners. The purpose of Petitioners' action was to prevent ARCO's oil exploration at Cabot Prospect prior to its compliance with the Marine Mammal Protection Act.
 
 
 7
 ARCO submitted affidavits which demonstrate that it plans no further on-ice activities around the unit. See Affidavits of James Davis. Despite these assurances, Trustees remain fearful that ARCO could sometime resume drilling in the area. If that should occur, although it is speculative at best, and if ARCO does resume exploratory work in the area in question, the Trustees could seek appropriate legal and equitable remedies.
 
 
 8
 Petitioners seek to avoid dismissal for mootness and argue that declaratory relief would still be an effective remedy. Under limited circumstances a court may give declaratory relief even though the issues presented may have been resolved by other means. See, e.g., Bilbrey v. Brown, 738 F.2d 1462, 1470-71 (9th Cir.1984) (even though relief not available, declaratory judgment might be appropriate to educate public). A court should not grant declaratory judgments, however, if the controversy is not sufficiently immediate or real. Enrico's Inc. v. Rice, 730 F.2d 1250, 1254-55 (9th Cir.1984).
 
 
 9
 Petitioners have not presented sufficient evidence to convince us that this is an appropriate case for declaratory relief. No pending actions would be resolved if we required the Secretary to mandate compliance with the Marine Mammals Protection Act prior to approving exploration plans. Petitioners' request for declaratory relief may not be maintained.
 
 
 10
 We also reject Petitioners' argument that its petition survives the mootness doctrine because it is "capable of repetition yet evading review." Southern Pac. Terminal Co. v. ICC, 219 U.S. 498, 515 (1911); Luckie v. Environmental Protection Agency, 752 F.2d 454, 458 (9th Cir.1985). This exception applies in limited situations where:
 
 
 11
 (1) [T]he challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.
 
 
 12
 Trustees for Alaska v. Environmental Protection Agency, 749 F.2d 549, 555 (9th Cir.1984) (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)). "The 'repetition/evasion' exception is a narrow one, that applies only in 'exceptional situations.' " Lee v. Schmidt-Wenzel, 766 F.2d 1387, 1390 (9th Cir.1985) (quoting Los Angeles v. Lyons, 461 U.S. 95, 109 (1983)).
 
 
 13
 We assume, without deciding, that the action challenged is capable of repetition. The evading review prong, however, is not satisfied. Petitioners did not seek a stay to protect their challenge. When a party's failure to seek and obtain a stay prevents review, he may not profit from the "capable of repetition, yet evading review" exception. Headwaters, Inc. v. Bureau of Land Management, 893 F.2d 1012, 1016 (9th Cir.1989).
 
 
 14
 The petitioners failed to preserve their challenge. This case does not present such an exceptional situation as would suffice to avoid mootness. We lack jurisdiction to consider Petitioners' claims.
 
 
 15
 The fee requests by the Petitioners and the Intervenor are denied. The parties will bear their own costs on appeal.
 
 
 16
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The motions of the Secretary and ARCO for leave to file replies to Trustees' opposition to motions to dismiss are granted. The motion of Trustees' to file a surreply is granted. All other pending motions are denied as moot