28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earle A. PARTINGTON, Jeffrey J. Lau, and Clifford M.M.
Clarke, Sr., Plaintiffs-Appellants,
v.
Charlene M. NORRIS, Gerald H. Kibe, and Christopher R.
Evans, Defendants-Appellees.
 No. 92-15999.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided July 8, 1994.
 
 Before: POOLE, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Earle Partington, Clifford Clark, and Jeffrey Lau ("Appellants") appeal the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of their 42 U.S.C. Sec. 1983 suit. We affirm in part, dismiss the appeal in part, vacate the district court's judgment in part, and remand with instructions.
 
 
 3
 * Appellants concede that their claims for injunctive relief have been mooted by the completion of Hawaii's Rule 2 proceeding. We need consider these claims no further.
 
 II
 
 4
 Appellants insist, however, that their claims for declaratory relief are not mooted. We disagree, and conclude that we lack jurisdiction to decide these claims.
 
 
 5
 The mootness doctrine, deriving from Article III, limits federal courts to the resolution of actual cases or controversies. Honig v. Doe, 484 U.S. 305, 317 (1988); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974). "Where events have occurred that prevent us from granting effective relief, we lack jurisdiction and must dismiss the appeal." Enrico's, Inc. v. Rice, 730 F.2d 1250, 1254 (9th Cir.1984). In a suit seeking a declaratory judgment against the government, "[a] case or controversy exists justifying declaratory relief only when 'the challenged government activity ... is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.' " Headwaters, Inc. v. Bureau of Land Management, 893 F.2d 1012, 1015 (9th Cir.1989) (quoting Super Tire Eng'g Co. v. McCorkle, 416 U.S. 115, 122 (1974)).
 
 
 6
 We can no longer provide Partington, Clark, or Lau effective relief through the issuance of a declaratory judgment. The original complaint sought declarations that 1) the Rule 2 proceeding brought against Partington violated his due process rights, 2) Partington's performance as counsel was entitled to a strong presumption of effectiveness, 3) Clark's purported waiver of the attorney-client privilege was void, 4) Lau's right to the effective assistance of counsel was being infringed, and 5) the Rule 2 proceeding against Partington was brought in bad faith and for the purposes of harassment. Each of these could only have affected the parties' rights if the Rule 2 proceeding were still ongoing. Instead, the challenged government action has terminated, without any punishment of Partington. No "brooding presence" continues to have any adverse effect on appellants. Partington is not now the subject of a Rule 2 proceeding, nor is it likely that he will be, under identical circumstances, again. Thus, we also conclude that this case does not fall within the exception for controversies "capable of repetition, yet evading review." United States v. Oregon, 718 F.2d 299, 302 (9th Cir.1983). In such circumstances, we are powerless to issue the declarations appellants seek.
 
 
 7
 Appellants' reliance on In re Benny, 812 F.2d 1133 (9th Cir.1987) and Garcia v. Lawn, 805 F.2d 1400 (9th Cir.1986) is misplaced. Benny stands for the unexceptional proposition that where the challenged government action continues to have a substantial adverse effect on the plaintiff, her claim for declaratory relief is not moot. See Benny, 812 F.2d at 1138. No similar adverse effects exist here. Garcia holds that where injunctive relief can effectively restore the status quo, a suit seeking an injunction will not be moot, see Garcia, 805 F.2d at 1403, and likewise has no bearing on this case.
 
 
 8
 We conclude that we lack jurisdiction over appellants' claims for declaratory relief because these claims are moot.
 
 III
 
 9
 The only parts of appellants' suit still properly before us are Partington's claims against Norris, Kibe and Evans for damages. We consider the claims against the government defendants separately from those against Evans.
 
 
 10
 The parties dispute whether the district court's action was a Federal Rule of Civil Procedure 12(b)(6) dismissal or a grant of summary judgment. The decision is clearly styled as a 12(b)(6) dismissal and does not materially rely on matter outside the complaint to refute anything in it. We review it as a 12(b)(6) dismissal. Our review is de novo. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.1992).
 
 
 11
 * Defendants contend, and the district court so held, that the damages claims against Norris and Kibe should be dismissed because they are absolutely immune. We affirm the dismissal.
 
 
 12
 A defendant's absolute immunity depends on whether 1) she is the subject of immunity, and 2) the actions for which she is being sued fall within that immunity. In this circuit, prosecuting attorneys in state bar disciplinary proceedings are absolutely immune from suits for damages, including suits under Sec. 1983, for actions taken as part of their prosecutorial functions. Clark v. Washington, 366 F.2d 678, 681 (9th Cir.1966).[1] More generally, the Supreme Court has granted absolute immunity to prosecutors in administrative agency proceedings. Butz v. Economou, 438 U.S. 478, 515-16 (1978).[2] The only serious question is whether the actions sued upon were taken as part of Norris and Kibe's prosecutorial functions; if they were, Norris and Kibe are entitled to immunity.
 
 
 13
 Partington identifies three allegedly unprotected sources of harm: 1) Norris and Kibe's initiation of a Rule 2 proceeding against him, 2) Norris' advising Evans to get Clarke to waive the attorney-client privilege, and 3) Norris and Kibe's roles as party and witness in prior federal suits. The first of these is obviously protected; protection of discretion to institute proceedings is the most central part of prosecutorial immunity. See Butz, 438 U.S. at 515-16. The second of these is also protected; immunity extends to a prosecutor's investigative functions, and seeking a waiver to allow the target of an investigation to provide relevant information is part of such functions. See Schlegel v. Bebout, 841 F.2d 937, 943-44 (9th Cir.1988) (immunity extends to prosecutor's investigative functions).
 
 
 14
 The last of these three functions is not prosecutorial. However, witnesses are absolutely immune, whether they testify or submit evidence by affidavit. Briscoe v. LaHue, 460 U.S. 325 (1983); Burns v. County of King, 883 F.2d 819 (9th Cir.1989) (extending witness protection to affidavits). To the extent Partington sues based on statements made by the defendants as parties for the "damage" suffered as a result of losing Partington IV, no immunity applies. However, Partington's suit is a collateral attack barred by res judicata. Partington could have brought a motion under Federal Rule of Civil Procedure 60(b), seeking "to set aside a judgment for fraud upon the court." He did not do so, and we will not permit him to relitigate the merits of earlier Partington decisions under the guise of a Sec. 1983 suit for damages.
 
 B
 
 15
 Partington's claim against Evans for damages under Sec. 1983 arises from Evans' actions in getting Clarke to waive his attorney-client privilege. The district court correctly dismissed this cause of action for failure to state a claim.
 
 
 16
 "Under Section 1983, a would be litigant must allege (1) that he or she suffered a 'deprivation of ... rights, privileges or immunities secured by the Constitution and laws,' and (2) that the deprivation was caused by a person acting under color of state law." Partington IV, 961 F.2d 852, 860 (9th Cir.1992) (quoting 42 U.S.C. Sec. 1983). Partington argues that Evans caused him to be subjected to a proceeding in which his due process rights were being violated. Obviously, Evans did not institute the Rule 2 proceeding; the ODC did. Partington seems to mean that Evans caused a due process violation because, had Evans not sought the waiver, Partington's rights would not have been violated in the course of the proceeding. However, Partington pleads no facts which show that he would not have been free to speak at his hearing anyway, or facts which explain how no longer being required to maintain silence would violate his due process rights. We find this claim to have been properly dismissed.[3]
 
 IV
 
 17
 Appellants challenge the award of costs against them. We review the award of costs for an abuse of discretion. Association of Flight Attendants v. Horizon Air Industr., Inc., 976 F.2d 541, 551 (9th Cir.1992).
 
 
 18
 Appellants object to the district court's requiring them to pay for transcripts of the district court hearings that only defendants thought were necessary, on the grounds that no evidence was introduced. Where the necessity of a portion of the transcript is in dispute, it is for the district court to determine the allocation of proper costs. 9th Cir.R. 10-3.3. Appellants cite numerous cases which required evidentiary transcripts, but none which establish that only evidentiary hearings are relevant. The district court reasoned that since it could not be certain the hearings would not be necessary, and since appellants ordinarily bear the costs of appeal, it was appropriate to make these appellants bear the costs. We find in this decision no abuse of discretion.
 
 
 19
 Plaintiff-appellants also seek attorney's fees. Under 42 U.S.C. Sec. 1988(b), "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." Since plaintiff-appellants have not prevailed, they are not entitled to fees.
 
 V
 
 20
 We affirm the district court's dismissal of Partington's damages claims and its imposition of costs. All other issues raised have become moot on appeal. Where, as here, mootness does not arise from the actions of either party, it is our duty to vacate the district court's judgment and remand with instructions to dismiss for mootness. Great Western Sugar Co. v. Nelson, 442 U.S. 92, 93 (1979); United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950); Allard v. DeLorean, 884 F.2d 464, 467 (9th Cir.1989). Accordingly, we dismiss this appeal insofar as it addresses appellants' claims for declaratory and injunctive relief. We vacate the corresponding portion of the district court's judgment, and remand with instructions to dismiss as moot appellants' claims for declaratory and injunctive relief.
 
 
 21
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Additionally, we have held in dicta that the attorneys of Hawaii's ODC are absolutely immune. Partington v. Gedan, 961 F.2d 852, 860 n. 8 (9th Cir.1992) [hereinafter Partington IV ]
 
 
 [2]
 Appellants' arguments suggesting Norris and Kibe are not the subjects of absolute immunity border on the frivolous
 Partington's attempt to distinguish Butz as applicable only to "executive" agencies, not judicial agencies, is expressly rejected by Butz itself. See Butz, 438 U.S. at 511-12 (Court of Appeals erred in using the fact defendants were executive, not judicial, to deny them immunity; "[t]he cluster of immunities protecting the various participants in judge-supervised trials stems from the characteristics of the judicial process rather than its location " in one of the three branches (emphasis added)).
 Partington's argument that Butz and Clark were overruled by Tower v. Glover, 467 U.S. 914 (1984) and Burns v. Reed, 111 S.Ct.1934 (1991) is flatly contradicted by Tower. Tower does not bar the creation of absolute immunity by analogy; it continues to embrace it:
 No immunity for public defenders, as such, existed at common law in 1871 because there was, of course, no such office or position in existence at that time.... Our inquiry, however, cannot stop there. Immunities in this country have regularly been borrowed from the English precedents, and the public defender has a reasonably close "cousin" in the English barrister.
 467 U.S. at 921. Moreover, Burns continues to cite Butz with approval. See Burns, 111 S.Ct. at 1938, 1939, 1942.
 
 
 [3]
 Partington also claims he can sue Evans because Evans breached his duties to Clarke and violated the Hawaii Code of Professional Responsibility. However, any breach by Evans would offer no basis for a cause of action by Partington. In determining whether a cause of action arises from a statute that provides none, Hawaii considers whether the plaintiff is part of a group intended to be protected by the statute, what the legislature intended, and what the underlying purposes of the scheme are. Reliable Collection Agency, Ltd. v. Cole, 584 P.2d 107, 109 (Haw.1978). Nothing in this test suggests that the Hawaii Code of Professional Responsibility, designed to protect the recipients of legal services, creates a private right of action. Giuliani v. Chuck, 620 P.2d 733 (Haw.Ct.App.1980), upon which Partington relies, holds only that if an attorney commits a tort in the course of representing a client, the attorney-client relationship provides no shield to a suit for the tort. This is quite different from saying that a breach in the course of the relationship itself can give rise to a third-party tort