Harold J. **FARRIS**

v.

**LANIER BUSINESS PRODUCTS, INC.**

**Civ. No. C83–1631.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 28, 1986.

---

**2.** Section 2802(b)(3)(D)(iii) provides that the franchisor must make a bona fide offer to sell

within ninety (90) days of the notice of nonrenewal.

Harold J. Farris, pro se.

Robert N. Godfrey, David P. Phippen, Smith, Currie & Hancock, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

Judgment was entered in this *pro se* employment discrimination action on October 2, 1985, following a trial to the bench. At the conclusion of Plaintiff's case, the court determined that Defendant was entitled to judgment as a matter of law. Defendant has now moved for an award of attorney's fees and costs, and Plaintiff has moved to have Defendant's costs dismissed.

The court concludes that Defendant's motion should be granted, as Plaintiff's action was "frivolous, unreasonable, [and] without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Plaintiff brought this action after the EEOC had investigated the charge which Plaintiff filed against Defendant and determined that there was no reasonable cause to believe the Plaintiff's discharge had been motivated by racial discrimination. At trial, Plaintiff failed to demonstrate any unlawful discrimination by Defendant.

■ Further, this lawsuit is but one of several which Plaintiff has brought against former employers following termination. *See Farris v. Marta*, Civil Action No. C79–1779A (N.D.Ga. April 6, 1982); *Farris v. Royal Business Machines, Inc.*, Civil Action No. C81–1227A (N.D.Ga. Sept. 21, 1983). In each of those cases, Plaintiff sued his past employers for race discrimination, and in each case his claims were found to be meritless. Plaintiff's propensity for meritless litigation reflects poorly upon his good faith in filing the present lawsuit.

■ The fact that Plaintiff appeared *pro se* in this action does not preclude a decision to impose attorney's fees and costs. *Beard v. Annis*, 730 F.2d 741, 745 (11th Cir.1984); *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 916 (11th Cir.1982). Plaintiff's. litigiousness forced Defendant to expend time and effort in preparation for an essentially useless trial. Plaintiff must accept responsibility for the burden which he imposed upon Defendant. Further, the court finds that Defendant's Bill of Costs is reasonable and that the expenses charged therein are allowable.

Accordingly, Defendant's motion for attorney's fees and costs is GRANTED; Plaintiff's motion to have Defendant's costs disallowed is DENIED. Defendant is DIRECTED to file an itemized statement of the fees which it actually and reasonably

incurred in the defense of this action within fifteen (15) days of date of entry of this order. Plaintiff shall have fifteen (15) days within which to file any objections. The Clerk is DIRECTED to resubmit the file in thirty (30) days.