**Franklin L. MILLER,**
**Plaintiff/Appellant,**

v.

**LOS ANGELES COUNTY BOARD of EDUCATION and Stuart E. Gothold, Los Angeles County Superintendent of Schools, Defendants/Appellees.**

**No. 86–5791.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 1987.[*]

Decided Sept. 9, 1987.

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

618

Franklin L. Miller, pro se.

Robert A. Siegel, Catherine B. Hagen, and S. Shane Sagheb, Los Angeles, Cal., for defendants/appellees.

Before CHOY, Senior Circuit Judge, FARRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.

CHOY, Senior Circuit Judge:

Franklin L. Miller appeals pro se the district court's order granting a motion for attorney's fees submitted by the Office of the Los Angeles County Superintendent of Schools [1] and Stuart E. Gothold (collective-

1. The Office of the Los Angeles County Superintendent of Schools was incorrectly sued as the

"Los Angeles County Board of Education."

ly, the "Superintendent") following a successful defense of Miller's lawsuit. Miller also seeks reversal of a pretrial order denying sanctions against the Superintendent. We vacate and remand the district court's award of attorney's fees; we dismiss as untimely the appeal of the district court's pretrial order denying sanctions.

## BACKGROUND

Miller brought suit pro se against the Superintendent, his former employer, alleging, inter alia, that the Superintendent had discriminated against him on the basis of race in violation of 42 U.S.C. §§ 1981, 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The Superintendent filed a motion for summary judgment in regard to the race discrimination claims, arguing that the claims were res judicata because Miller's charges had been ruled upon by administrative agencies. The district court took the motion as to these claims under submission, and allowed the case to proceed to trial.

Prior to the trial, the district court ordered Miller to submit his proposed witness questions. When the Superintendent failed timely to file objections to Miller's questions as was required under the pretrial order, Miller requested sanctions. The district court denied the request on August 20, 1984.

After a three-day trial, the Superintendent obtained judgments in its favor in regard to Miller's race discrimination claims. The Superintendent then moved for recovery of $48,375 in attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, and under Title VII, 42 U.S.C. § 2000e–5(k). The district court held a hearing on the motion which Miller did not attend despite his receipt of notice. At the hearing, the court initially stated that it would not grant the full amount requested because of its belief that Miller would be unable to pay that amount. The Superintendent responded that, since it had filed its fee motion, it had discovered that Miller owned a house worth $160,000. The

court entered an order on March 17, 1986, awarding the Superintendent $48,375 in attorney's fees. Miller timely appeals the fee award.

## DISCUSSION

### I. The Attorney's Fees Award

We review the district court's award of attorney's fees for abuse of discretion. *Hall v. Bolger*, 768 F.2d 1148, 1150 (9th Cir.1985). However, the legal standards employed by the district court in awarding fees are reviewed de novo. *Id.* We conclude that the district court relied on incorrect legal standards when it: 1) determined that an award of attorney's fees was appropriate, and 2) calculated the amount of the fee award.

### A. The Christiansburg and Hughes cases

■ The Superintendent requested attorney's fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k).[2] These provisions give a court the discretion to award attorney's fees to a prevailing defendant in certain civil rights lawsuits if the court finds that the plaintiff's action is "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (Title VII case); *see Hughes v. Rowe*, 449 U.S. 5, 14–16, 101 S.Ct. 173, 178–79, 66 L.Ed.2d 163 (1980) (per curiam) (applying *Christiansburg* to 42 U.S.C. § 1983 case). The strict nature of the *Christiansburg* standard is premised on the need to avoid undercutting Congress' policy of promoting vigorous prosecution of civil rights violations under Title VII and § 1983. *See Hughes*, 449 U.S. at 14–15, 101 S.Ct. 178; *Christiansburg*, 434 U.S. at 422, 98 S.Ct. at 700.

■ In the instant case, the district court found that Miller knew or should have known that his case was without foundation. The court concluded that an award of attorney's fees to the Superintendent was

2. Attorney's fees in 42 U.S.C. §§ 1981, 1983 cases are awarded pursuant to 42 U.S.C. § 1988; attorney's fees in Title VII cases are awarded pursuant to 42 U.S.C. § 2000e–5(k).

appropriate. In making this determination, the court relied primarily on the fact that Miller's various charges against the Superintendent had been investigated and rejected by the California Labor Commission, the Equal Employment Opportunity Commission, and the California Department of Fair Employment and Housing. The district court's findings reflect an attempt to conform to the *Christiansburg* standard for awarding attorney's fees to prevailing defendants. Nevertheless, we conclude that the district court applied an incorrect legal standard in deciding to award attorney's fees to the Superintendent.

The *Christiansburg* standard is applied with particular strictness in cases where the plaintiff proceeds pro se. *Hughes v. Rowe,* 449 U.S. at 15–16, 101 S.Ct. at 178–79. The district court's findings do not indicate that Miller's pro se status was taken into account when the court determined that an award of attorney's fees to the Superintendent was appropriate. The decision to award attorney's fees was therefore based on legal error.

 The case law does not spell out in any great detail how *Christiansburg* should be applied in pro se cases. However, we point to a few factors relevant to the appropriateness of an attorney's fees award in this case. A court should be particularly chary about awarding attorney's fees where the court is unable to conclude that the action may be dismissed without proceeding to trial. *See Hughes,* 449 U.S. at 15, 101 S.Ct. at 178; *Jensen v. Stangel,* 762 F.2d 815, 818 (9th Cir.1985). In the instant case, the district court allowed Miller's suit to proceed to trial despite the Superintendent's motion for summary judgment.[3]

In addition, pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim. *Hughes,* 449 U.S. at 15, 101 S.Ct.

at 178; *Reis v. Morrison,* 807 F.2d 112, 113 (7th Cir.1986). Thus, *Christiansburg* should be applied in pro se cases with attention to the plaintiff's ability to recognize the merits of his or her claims. For example, repeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant. *Farris v. Lanier Business Products, Inc.,* 626 F.Supp. 1227, 1228 (N.D.Ga.), *aff'd,* 806 F.2d 1069 (11th Cir.1986). In such a situation, it is entirely appropriate to hold the plaintiff responsible for knowing that the claim is groundless.

In the instant case, the district court determined that Miller's claim was without foundation largely because Miller's charges had been rejected by the California Labor Commission, the Equal Employment Opportunity Commission, and the California Department of Fair Employment and Housing. However, it is unclear whether Miller's initial claims were found to be frivolous by these agencies. Findings by the agencies that Miller's claims were frivolous would provide support for an award of attorney's fees to the Superintendent. *See Farris,* 626 F.Supp. at 1228. Similarly, evidence that Miller brought his claims to federal court in bad faith would provide support for such an award. *See Christiansburg,* 434 U.S. at 422, 98 S.Ct. at 700; *Burris v. Davidson Transfer and Storage Co.,* 537 F.Supp. 1029, 1034 (D.Del.1982), *aff'd,* 714 F.2d 120, 122 (3d Cir.1983).

### B. *The Kerr Factors*

 In regard to the calculation of attorney's fees, Miller alleges that the district court's factual findings do not reflect a consideration of the twelve factors for evaluation of attorney's fees awards set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).[4] We reject Miller's argument; the

---

3. Miller argues on appeal that his case was not meritless because he had originally obtained a default judgment against the Superintendent. We reject this argument. The default judgment

was set aside prior to trial. Moreover, a default judgment is not a judgment on the merits.

4. The twelve *Kerr* factors are:

district court's findings explicitly consider the *Kerr* factors.

■ Nevertheless, we note that it is unclear whether the district court calculated the proper amount of attorney's fees in accordance with the current approach. Calculation of attorney's fees *begins* with a lodestar figure: " 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.' " *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* — U.S. —, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). This lodestar figure can then be *adjusted* pursuant to the *Kerr* factors, although a strong presumption exists that the lodestar represents a reasonable fee. *See generally Jordan v. Multnomah County,* 815 F.2d 1258, 1262–63 (9th Cir. 1987). The district court's calculation of fees appears to have improperly *begun* with the *Kerr* factors. The approach set forth in *Jordan* must be followed by the district court if on remand it determines that Miller's discrimination claims were frivolous under *Christiansburg* and *Hughes.*

■ In addition to the *Kerr* factors, a district court in cases involving 42 U.S.C. §§ 1981, 1983 or Title VII should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant. *See Munson v. Friske,* 754 F.2d 683, 697–98 (7th Cir.1985); *Charves v. Western Union Telegraph Co.,* 711 F.2d 462, 465 (1st

Cir.1983); *Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911, 917 (11th Cir.1982).[5] This is particularly true when the fee request against an individual plaintiff is as sizable as the one involved here. While an award of attorney's fees for a frivolous lawsuit may be necessary to fulfill the deterrent purposes of 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k), the award should not subject the plaintiff to financial ruin. *See Charves,* 711 F.2d at 465. Although the issue of Miller's ability to pay was discussed at the fee hearing, the district court's findings of fact and conclusions of law do not reveal how, or if, the court concluded that Miller was able to pay the $48,375 fee award.

In sum, we vacate the district court's award of attorney's fees on the ground that the court applied incorrect legal standards both in determining whether a fee award was appropriate and in calculating the amount of the award. We remand the case for reconsideration of the Superintendent's motion for attorney's fees.

## II. *The Denial of Sanctions against the Superintendent*

Miller contends that the district court erred in denying sanctions against the Superintendent for failure timely to file objections to Miller's list of witness questions. We conclude that Miller has waived his right to appeal the denial of sanctions. The district court issued an order denying Miller's request for sanctions on August 20, 1984. That order became appealable

---

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, (12) awards in similar cases.

*Kerr,* 526 F.2d at 70. Several of the *Kerr* factors have been supplanted by the "lodestar" approach to attorney's fees. Factors that cannot serve as independent bases for adjusting fee

awards are: (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained. *Blum v. Stenson,* 465 U.S. 886, 898–900, 104 S.Ct. 1541, 1548–49, 79 L.Ed.2d 891 (1984); *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 n. 6 (9th Cir.1987). Also, as the district court recognized, the tenth factor—undesirability of the case—is not applicable to fee awards to prevailing defendants. *Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911, 917 (11th Cir.1982).

5. However, a district court should not *refuse* to award attorney's fees to a prevailing defendant under 42 U.S.C. § 1988 or 42 U.S.C. § 2000e–5(k) solely on the ground of the plaintiff's financial situation. *See Durrett,* 678 F.2d at 917.

when the judgments on the merits of Miller's claims were entered on October 18, 1984. *See Kordich v. Marine Clerks Association,* 715 F.2d 1392, 1393 (9th Cir.1983). Miller's notice of the instant appeal was filed on March 24, 1986. Therefore, Miller's appeal of the order denying sanctions is not timely. *See* Fed.R.App.P. 4(a)(1) (notice of appeal must be filed within thirty days after entry of final order being appealed).

## CONCLUSION

The district court's award of attorney's fees is VACATED. We REMAND the attorney's fees issue to the district court for reconsideration. We DISMISS as untimely the appeal of the district court's order denying Miller's request for sanctions against the Superintendent. The Superintendent's request for attorney's fees on this appeal is DENIED.

The parties shall bear their own costs on this appeal.