981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Farrell BEALS, Plaintiff-Appellant,
v.
Seth ALLEN; Town of Thatcher, Defendants-Appellees.
 Nos. 91-16818, 92-15724.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 28, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In appeal no. 91-16818, Farrell Beals appeals pro se the district court's summary judgment in favor of the town of Thatcher, Arizona, and Seth Allen, a town magistrate, in Beals's 42 U.S.C. § 1983 action. Beals contends that the district court erred by granting summary judgment because (1) there were genuine issues of material fact regarding his right to counsel in criminal proceedings before Allen, and (2) the district court did not give him sufficient notice before ruling on the summary judgment motion. Beals also contends that the district court erred by denying him leave to amend his complaint. In companion appeal no. 92-15724, Beals appeals pro se the district court's award of attorney fees to the appellees. In both appeals, we have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * No. 91-16818
 
 
 4
 A. Judicial Immunity and Municipal Liability
 
 
 5
 Beals contends that the district court erred by granting summary judgment because there were genuine issues of material fact regarding the criminal proceedings before Allen. This contention lacks merit.
 
 
 6
 We review de novo the district court's grant of summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). "We must decide, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." Id.
 
 
 7
 Judges acting in their judicial capacity are immune from section 1983 liability. New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1301-02 (9th Cir.1989); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc).
 
 
 8
 Beals was tried before Allen and convicted of driving with a suspended license. Trial proceeded even though Beals did not obtain an attorney after Allen refused to appoint one. Beals claims that Allen and the town of Thatcher denied him his sixth amendment right to counsel because he did not knowingly and intelligently waive counsel. The claim against Allen is based on Allen's actions in his judicial capacity. Accordingly, the district court did not err by granting summary judgment in favor of Allen. See id.
 
 
 9
 A section 1983 plaintiff may establish the liability of a town or other municipality in three ways. Gillette v. Delmore, No. 91-35142, slip op. 13385, 13393 (9th Cir. Nov. 10, 1992) (per curiam). "First, the plaintiff may prove that a [town] employee committed the alleged constitutional violation pursuant to a formal [town] policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the [town].' " Id. (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989)). Second, the plaintiff may prove that a town official with final policy-making authority committed a constitutional violation. Id. Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional action. Id. at 13393-94.
 
 
 10
 In his response to the appellees' summary judgment motion, Beals stated that "[t]he Town Council formulated the policy of denying counsel to criminal defendants." Beals did not, however, present any evidence to establish the existence of such a policy. Accordingly, the district court did not err by granting summary judgment in favor of the town of Thatcher. See id.
 
 
 11
 B. Opportunity to Respond to Summary Judgment Motion
 
 
 12
 Beals contends that the district court did not give him sufficient notice before ruling on the appellees' summary judgment motion. This contention lacks merit.
 
 
 13
 The nonmoving party is entitled to a "full and fair opportunity to ventilate the issues involved in [a summary judgment motion]." Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir.1982). If the nonmoving party has "sufficient opportunity to conduct discovery and develop the facts in the case," then this requirement is satisfied. Intel Corp. v. Hartford Accident & Indemnity Co., 952 F.2d 1551, 1556-57 (9th Cir.1991). Moreover, Fed.R.Civ.P. 56(f) permits the nonmoving party to move for a continuance if it needs additional discovery time. Id. at 1557.
 
 
 14
 Beals filed his complaint on January 9, 1991. On August 22, 1991, he filed a summary judgment motion to which he attached an affidavit and other exhibits. The appellees filed their summary judgment motion on August 23. On September 4 the district court set the appellees' motion for oral argument on October 28. Beals filed a response to the appellees' motion on September 16, and the appellees replied on September 23. On October 15 the district court vacated the October 28 hearing date and ruled on the motion.
 
 
 15
 This record demonstrates that Beals had a full and fair opportunity to develop the facts in the case before the district court granted summary judgment. See Intel Corp., 952 F.2d at 1556-57. The exhibits to Beals's summary judgment motion show that he already had developed evidence before the appellees filed their motion. Moreover, he does not explain what further development could have occurred between October 15 and October 28. Accordingly, the district court did not err by granting summary judgment in favor of appellees.
 
 C. Amendment of Complaint
 
 16
 Beals contends that the district court erred by denying his motion for leave to amend his complaint. This contention lacks merit.
 
 
 17
 After an answer is filed, a plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall by freely given when justice so requires." Fed.R.Civ.P. 15(a). We review the district court's denial of leave to amend for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991).
 
 
 18
 Here, after the parties had filed their summary judgment motions, Beals moved for leave to amend his complaint to more specifically allege facts regarding the appellees' intent. Because the case already had reached the summary judgment stage, and because Beals did not seek to add new claims, the district court did not abuse its discretion by denying leave to amend. See id.
 
 II
 No. 92-15724
 
 19
 Beals contends that the district court erred by awarding $6,554.32 in attorney fees to appellees. This contention lacks merit.
 
 
 20
 Under 42 U.S.C. § 1988, the district court has discretion to award attorney fees to prevailing defendants if the action is frivolous, unreasonable, or without foundation. Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 619 (9th Cir.1987). This standard "is applied with particular strictness where the plaintiff proceeds pro se," and the district court should consider the pro se plaintiff's "ability to recognize the merits of his or her claims." Id. at 620.
 
 
 21
 It is unclear from Beals's filings in district court whether he understood that his claims lacked merit. Nonetheless, as discussed above, the action was without foundation. Accordingly, the district court did not abuse its discretion by awarding attorney fees to appellees. See id. at 619-20.
 
 III
 Attorney Fees on Appeal
 
 22
 Appellees seek attorney fees under 42 U.S.C. § 1988 in both appeals. As the appellees state in their answering brief in appeal no. 91-16818, Beals's pro se arguments on appeal indicate that he does not understand the concept of judicial immunity. Accordingly, we decline to award attorney fees on appeal. See id.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3