**EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff–Appellant,**

v.

**BRUNO'S RESTAURANT,
Defendant–Appellee.**

**No. 91–55323.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 1992.

Decided Sept. 30, 1992.

As Amended Dec. 31, 1992.

Paul Bogas, E.E.O.C., Washington, D.C., for plaintiff-appellant.

Kenneth J. Rose, Procopio, Cory, Hargreaves and Savitch, San Diego, Cal., for defendant-appellee.

Before: BRUNETTI, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

BRUNETTI, Circuit Judge:

The Equal Employment Opportunity Commission appeals the district court's award of attorney's fees to Bruno's Restaurant after Bruno's prevailed as a defendant in a Title VII suit. We affirm.

## I

Bruno's Restaurant is a family owned and operated establishment in San Marcos, California. Kim Dunagan, a waitress at Bruno's, informed her employers that she was pregnant in April, 1985. She was fired the next month. In June, 1985, Dunagan filed a complaint with the EEOC in which she alleged she was fired because of her pregnancy. In the midst of the EEOC investigation, Dunagan settled her claim with Bruno's in exchange for neutral references and Bruno's promise to consider her for reemployment if she desired.

Maureen Boucher, another waitress at Bruno's, became pregnant in 1986. Bruno's reduced her work schedule and she eventually left Bruno's under disputed circumstances in October, 1986. Boucher filed a complaint with the EEOC.

Connie Lee Anderson, another waitress at Bruno's, also found out she was pregnant in 1986. Bruno's fired her when she was two months' pregnant. Anderson also filed a complaint with the EEOC.

During the ensuing investigation by the EEOC, representatives of Bruno's denied that the waitresses lost their jobs because of their pregnancies. Bruno's identified two waitresses who had worked at the restaurant earlier and had been allowed to work through their pregnancies. The EEOC found reasonable cause to believe that Bruno's illegally discriminated against Boucher and other pregnant waitresses. Bruno's rejected the EEOC's efforts to settle on behalf of Boucher.

The EEOC sued Bruno's pursuant to 42 U.S.C. § 2000e–5. At trial, Dunagan (the waitress who had settled with Bruno's earlier), Boucher, and Anderson testified in support of the EEOC charges. Kathy Womack, another waitress who was fired when she was pregnant, stated in an affidavit that she did not believe that her discharge was related to her pregnancy.

Bruno's co-owner Maria Fanelli testified that Dunagan had left her job after arguing with Bruno Fanelli, that Boucher quit after announcing that she did not want to make a long drive from home to work a short shift, that Anderson left after being reprimanded regarding the proper seating of customers, and that Womack left after an argument.

After the EEOC presented its case, the district judge granted Bruno's motion to dismiss. The district judge found that "the EEOC had not only failed to prove a case for discrimination under Title VII, but had

failed to present credible evidence of discriminatory conduct." The court also found that the EEOC had failed to conciliate before trial the portion of the complaint alleging a "pattern or practice" of discrimination. The court found that either finding was sufficient to conclude that the EEOC action was "frivolous, unreasonable, or without foundation." Accordingly, the court awarded Bruno's attorney's fees of $76,176.25 and costs of $3,365.98 pursuant to 42 U.S.C. § 2000e–5(k).

The EEOC, while not appealing the dismissal of its complaint, is appealing the award of attorney's fees.

## II

■ We review a trial court's award of attorney's fees under 42 U.S.C. § 2000e–5(k) for an abuse of discretion. *See Mitchell v. Office of the Los Angeles County Superintendent of Sch.*, 805 F.2d 844, 846 (9th Cir.1986), *cert. denied*, 484 U.S. 858, 108 S.Ct. 168, 98 L.Ed.2d 122 (1987). A court may abuse its discretion if it uses incorrect legal standards, which we review de novo. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir.1987). We accept the district court's factual findings unless they are clearly erroneous. Fed.R.Civ.P. 52(a). We grant special deference to determinations of credibility. *See Sec. & Exch. Comm'n v. Rogers*, 790 F.2d 1450, 1455 (9th Cir.1986).

A district court may grant attorney's fees to a prevailing private party in a Title VII action pursuant to 42 U.S.C. § 2000e–5(k). The statute itself does not list standards to be used by the court; it states only that fees may be awarded in the court's "discretion."

In *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court outlined standards to guide the district court's discretion when deciding whether to grant attorney's fees to a prevailing defendant in a Title VII action. The Court explained the standard:

[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

*Id.* at 421–22, 98 S.Ct. at 700.

■ Congress intended to "promote the vigorous enforcement of the provisions of Title VII." *Id.* at 422, 98 S.Ct. at 701. A district court must exercise caution, then, in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be "airtight." "The other side of this coin is the fact that many defendants in Title VII claims are small- and moderate-size employers for whom the expense of defending even a frivolous claim may become a strong disincentive to the exercise of their legal rights. In short, there are equitable considerations on both sides of this question." *Id.* at 423 n. 20, 98 S.Ct. at 701 n. 20.

■ The district court in this case applied the *Christiansburg* test. It specifically considered whether the action was "frivolous, unreasonable, or without foundation" and concluded that it was. In support of its finding, the district court noted that the EEOC not only failed to demonstrate all of the elements of a Title VII violation, but "failed to present credible evidence of discriminatory conduct."

The question then is whether this determination was sufficient to support the exercise of the district court's discretion in awarding attorney's fees. As a preliminary matter, we accept the district court's conclusion that the EEOC witnesses were not credible. The district court is in the best position to judge credibility and we

defer to the district court's judgement. We cannot say the district judge was clearly erroneous in making such a determination.

Having accepted for the purpose of review that the EEOC failed to present credible witnesses to support its claim, our next step is to determine whether in this case such a finding was sufficient to support the district court's conclusion that the litigation was "frivolous, unreasonable, or without foundation."

If it were clear that the district court had disregarded the Supreme Court's warning and was engaging in "hindsight logic" by concluding that the action was unreasonable because the plaintiff did not prevail, we could find an abuse of discretion. We do not think the district court did that in this case.

We find support in the record for the district court's conclusion that the EEOC case was unreasonable. It seemed clear from the outset that this case was going to succeed or fail based on the credibility of witnesses. Three of the waitresses had one version of events, Bruno's management had another.

The record shows one particularly glaring precursor of the credibility problems that were to arise at trial. In Kim Dunagan's original complaint to the EEOC, she stated that a Bruno's employee "called me at home and told me I was terminated. He gave no reason." Dunagan then listed three reasons for her conclusion that she was fired because of her pregnancy: the short time between the announcement of her pregnancy and her termination, the fact that another pregnant employee was terminated the same day, and her contention that her performance had been exemplary.

In an affidavit she supplied to the EEOC two years later, however, Dunagan stated: "The bookkeeper called one morning and wanted my tip report because I was fired. He told me it was because of my pregancy [sic]." It seems that this type of discrepancy from a major witness in these circumstances should have caused the EEOC to hesitate.

The EEOC attempts to explain this discrepancy by contending that the statements actually are not contradictory because "[t]he whole point of the Title VII prohibition on pregnancy discrimination is that pregnancy is *not* a reason to discharge, or otherwise penalize female employees. Ms. Dunagan meant that Mr. Foerster gave no performance-based, legitimate reason for discharging her." Appellant's Reply Brief at 13–14. The EEOC then, would have us believe that Ms. Dunagan, in her first statement, would go to the trouble of listing wholly circumstantial reasons to support her contention that she was fired because of her pregnancy without a bare mention of her employer's explicit explanation. We cannot accept this weak rationalization.

This example shows how the district judge could reasonably conclude, after hearing testimony from EEOC witnesses, that its case had severe weaknesses from the start. We cannot say that the district judge abused his discretion by concluding that the weaknesses reached the point of unreasonableness.

The EEOC argues that because it presented some evidence of illegal discrimination, it should not be made to pay attorney's fees simply because the district judge chose not to believe that evidence. We reject this sweeping proposition. While the mere fact that a judge finds one side's evidence more persuasive than the other's would not necessarily justify an award of attorney's fees, that is not what happened in this case. The judge found that the EEOC had flatly failed to present credible evidence of discrimination. The judge dismissed the case without requiring a defense. *Cf. Glymph v. Spartanburg Gen. Hosp.*, 783 F.2d 476, 479–80 (4th Cir.1986) (reversing award of attorney's fees where district court had denied motion for dismissal, found it necessary to hear evidence from both sides, and took the matter under consideration for several weeks).

When a case so obviously lacks merit, an award of attorney's fees may be appropriate. The hurdle a Title VII plain-

tiff must overcome to avoid paying attorney's fees is greater than simply putting witnesses on the stand. At least some testimony must be credible to the point of demonstrating that the litigation is not groundless. This is not a difficult hurdle to overcome. But in the judgment of the district court, the EEOC failed to meet that threshold in this case.

We emphasize that we cannot review the district court's decision de novo; our review under an abuse of discretion standard is limited. We are convinced that the district judge applied the correct legal test and that his conclusion was supported by the record. We therefore find no abuse of discretion in his determination that the EEOC action was "frivolous, unreasonable, or without foundation."

Because we find that the judge's determination of the lack of credible evidence was sufficient under these facts to justify an award of attorney's fees, we do not need to consider whether the district judge's finding that the EEOC failed to conciliate part of the complaint would be sufficient to justify the award of attorney's fees.

■ We do not find the EEOC's prosecution of this appeal groundless or frivolous. Accordingly, we deny Bruno's request for attorney's fees and costs. *See Elks Nat'l Found. v. Weber*, 942 F.2d 1480, 1485 (9th Cir.1991).

AFFIRMED.