26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard C. THOMPSON, Plaintiff-Appellant,
v.
STATE OF ARIZONA, Defendant-Appellee.
 No. 93-16706.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard C. Thompson appeals pro se the district court's order granting summary judgment in favor of the State of Arizona (the State) in his employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. (Title VII). Thompson contends that the district court erred by finding that (1) he failed to establish a prima facie case of retaliation, (2) he failed to offer specific evidence that the State breached a 1985 settlement agreement, and (3) that he failed to establish discrimination under Title VII in the State's decision not to hire him. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 In December 1989, Thompson applied for and was considered for promotion from the position of Equal Opportunity Specialist III to "Chief" of the Office of Equal Opportunity for the State. The Chief position was exempt from Arizona's normal employment and selection procedures. Ariz.Rev.Stat. Sec. 41-771(A)(8) and (B)(1) (West Supp.1994). A committee, whose sole task was to provide recommendations for the Chief position to Linda Moore-Cannon, Director of the Department of Economic Security, interviewed nine candidates and selected Thompson as one of three finalists.
 
 
 5
 In February 1990, an applicant not chosen as a finalist filed a grievance alleging sexual discrimination and retaliation in the selection process. An investigation revealed insufficient evidence to support the sex discrimination and retaliation charges. Moore-Cannon, concerned that the grievance tainted the committee's process, elected to interview two new candidates for the position, including Sylvester Mabry. Mabry possessed a four-year college degree, unlike Thompson, in addition to related job experience. The State selected Mabry for the Chief position.
 
 
 6
 Thompson sued the State for retaliation, employment discrimination and unlawful employment practices. Thompson asserts that the State refused to hire from the original recommendation list in retaliation for his 1975 employment discrimination lawsuit against it, settled by agreement in May 1985. The district court granted the State's motion for summary judgment because Thompson failed to offer any evidence linking the State's decision not to hire him to his previous discrimination lawsuit.
 
 II
 Standard of Review
 
 7
 We review de novo a district court's grant of summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether any genuine issues of material fact exist. Williams v. Edward Apffels Coffee Co., 792 F.2d 1482, 1484 (9th Cir.1986). The party opposing the summary judgment motion " 'must do more than simply show that there is some metaphysical doubt as to the material facts.' " Lindahl, 930 F.2d at 1437 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).
 
 III
 Retaliation
 
 8
 Thompson contends the district court erred by finding that he had failed to show that the State declined to hire him for the position as Chief in retaliation for his 1975 employment discrimination action against the State. We disagree.
 
 
 9
 To set forth a prima facie case of unlawful retaliation, the plaintiff must demonstrate that (1) he engaged in protected activity, (2) he suffered an adverse employment decision, and (3) a causal link existed between his protected activity and the adverse employment decision. Yartzoff v. Thomas, 809 F.2d 1371, 1377 (9th Cir.1987), cert. denied, 498 U.S. 939 (1990).
 
 
 10
 Here, Thompson failed to present any specific evidence that Moore-Cannon knew about his previous employment discrimination claim or the settlement agreement when she decided not to proceed with the original candidate list. Thompson conceded at his deposition that Moore-Cannon was not aware of the prior litigation. Thompson further admitted that his retaliation claim was based upon speculation that the Arizona Attorney General's Office warned Moore-Cannon to proceed with caution when dealing with Thompson. Because Thompson failed to offer specific evidence that Moore-Cannon or anyone responsible for hiring the Chief was aware of his prior employment discrimination suit and settlement, he did not establish a causal connection between the State's decision not to promote him and his prior employment discrimination suit. Accordingly, summary judgment was appropriate on this issue. See id.[1]
 
 IV
 Discrimination
 
 11
 Thompson contends that the district court erred by finding that he failed to make a prima facie showing of discrimination under either a theory of disparate impact or disparate treatment under Title VII. We disagree.
 
 A. Disparate Impact
 
 12
 An employer may not make employment decisions based upon race. 42 U.S.C. Sec. 2000e-2(a)(1). "Disparate impact involves a facially neutral employment criterion that has an unequal effect on members of a protected class; discriminatory intent need not be proved." Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991). Disparate impact involves a facially neutral employment policy or practice which has an unequal impact on members of a class protected by Title VII. Griggs v. Duke Power Co., 401 U.S. 424, 431 (1971). A plaintiff must identify the specific employment policy or practice he is challenging. Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994 (1988). The plaintiff must then prove causation. Id. He must "offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected" class. Id.
 
 
 13
 Here, Thompson asserts that the State's action, not hiring from the original list, disparately impacted African Americans. Thompson failed to offer statistical evidence supporting this claim. Indeed, the State hired Mabry, another African American, for the position. Accordingly, the district court did not err by finding that Thompson failed to establish a prima facie case of disparate impact. See Watson 487 U.S. at 994; Sischo-Nownejad, 934 F.2d at 1109.
 
 B. Disparate Treatment
 
 14
 Disparate treatment involves an assertion "either that the employer's challenged decision stemmed from an illegitimate motive or that the decision was the product of both legitimate and illegitimate motives." Sischo-Nownejad, 934 F.2d at 1109. Once a plaintiff establishes a prima facie case of employment discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the decision. Id. If the employer states a legitimate, nondiscriminatory reason for its employment decision, the plaintiff must then "raise a genuine factual issued as to whether the articulated reason was pretextual." Id. at 1110.
 
 
 15
 Here, it is unclear from the district court order whether the court found that Thompson had established even a prima facie case of discrimination under the disparate treatment theory. We assume without deciding that the court did find he established a prima facie case of discrimination.
 
 
 16
 The State offered two nondiscriminatory reasons for not hiring Thompson for the Chief position. First, the original selection process was tainted by the allegation of discrimination causing the State to begin the selection process anew. Thompson failed to state specific facts showing that this decision was a pretext for discrimination. Second, the State claims Mabry was the better-qualified candidate. Mabry possessed a college degree in addition to having job related experience. Although he offered evidence that Mabry had been arrested for soliciting prostitution, Thompson failed to offer specific evidence that Thompson was not the better-qualified applicant. Thus, Thompson failed to raise a genuine factual issue that the State's reasons for not hiring him were pretextual. See Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1463 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986).
 
 V
 Attorney Fees
 
 17
 The State seeks attorney fees for this appeal upon the basis that Thompson's claim is frivolous. A Title VII claim is not frivolous merely because the plaintiff did not prevail. Hudson v. Western Airlines, Inc., 851 F.2d 261, 267 (9th Cir.1988). In the exercise of our discretion, we deny the State's request for attorney fees. See Miller v. Los Angeles Bd. of Educ., 827 F.2d 617, 620 (9th Cir.1987) (courts may consider party's pro se status in deciding whether to grant or deny attorney fees).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the State of Arizona's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Thompson failed to offer specific evidence that the Moore-Cannon or anyone responsible for hiring knew about the settlement agreement, the district court did not err by dismissing his claim that the State breached the settlement agreement provision not to retaliate against him for filing the litigation. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (where the nonmoving party will bear the burden of proof on a dispositive issue, in responding to a motion for summary judgment he must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial)
 We also reject Thompson's contention that the district court erred by finding that the State had not violated Title VII by refusing to consider him during the second round of interviews. Although it is an unlawful employment practice for an employer to discriminate against an employee because he has filed a claim under Title VII, see 42 U.S.C. Sec. 2000e-3, Thompson failed to show a causal connection between the State's decision not to hire from the original list and his 1975 lawsuit.
 Finally, because the Chief's position is exempt from the Arizona Civil Service statutes, the State did not have to follow its regulations regarding promotion and hiring of civil service employees. See Ariz.Rev.Stat. Sec. 41-771(A)(8), (B)(1) (West Supp.1994). Thus, the district court properly found that Thompson failed to raise a genuine issue of fact showing that the State violated 42 U.S.C. Sec. 2000e-3 or engaged in any unlawful employment practices in its decision not to hire from the original list of candidates.