97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott A. HIGGINS, Plaintiff-Appellant,
v.
Dr. Charles TOWNSEND; Dr. Marjorie Smith, Defendants-Appellees.
 No. 94-35472.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Scott Higgins, a former Alaska state prisoner, appeals pro se the district court's summary judgment in favor of physicians Charles Townsend and Marjorie Smith in his 42 U.S.C. § 1983 action alleging that they acted with deliberate indifference to his serious medical needs by failing to treat him with Tegretol, an anti-seizure medication. In his complaint, Higgins asked only that he be placed under the care of the prison doctor that had previously authorized his treatment with Tegretol, and that he be given further examinations which would, in his opinion, lead to his being treated with Tegretol. Higgins has since been released from custody. Therefore, even if Higgins were to prevail in this appeal, this court is without power to order effective relief since he is no longer subject to treatment by either of these defendants, nor is there any indication that the facts complained of will be repeated in the future. Accordingly, we dismiss as moot the appeal from summary judgment and the denial of Higgins' motion for appointment of counsel and remand with instructions to vacate these portions of the judgment below. See Headwaters, Inc. v. Bureau of Land Management, 893 F.2d 1012, 1015-16 (9th Cir.1989) (no jurisdiction to consider claims when no effective relief can be granted).
 
 
 3
 Higgins further appeals from the district court's partial grant of Dr. Smith's unopposed motion for attorneys fees. We review an award of attorneys fees for an abuse of discretion. See Miller v. Los Angeles County Bd. of Edu., 827 F.2d 617, 619 (9th Cir.1987). The district court awarded fees pursuant to United States District Court for the District of Alaska General Rule 21.1 and Alaska Rules of Civil Procedure 82. These rules allow a district court to exercise discretion to award fees to the prevailing party in a diversity action. This, however, was not a diversity action. Therefore, the district court's award of fees was based on an erroneous legal standard and, as such, was an abuse of discretion. To the extent the district court had the authority to award fees pursuant to 42 U.S.C. § 1988 against an incarcerated pro se litigant, we conclude the record fails to support a finding that Higgins' pro se status was taken into account or that his action was "frivolous, unreasonable, or without foundation." See Hughes v. Rowe, 449 U.S. 5, 15-16 (1980) (per curiam); Miller, 827 F.2d at 619-20. Accordingly, we reverse the award of attorneys fees.
 
 
 4
 Each party shall bear its own costs on appeal.
 
 
 5
 DISMISSED IN PART; REVERSED IN PART; REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3