112 F.3d 517
 10 NDLR P 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darryl SCOTT, Plaintiff-Appellant,
v.
WESTERN STATE UNIVERSITY COLLEGE OF LAW, Defendant-Appellee.
 No. 96-56088.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darryl Scott appeals pro se the district court's summary judgment for Western State University College of Law ("WSU"). Scott claimed he was improperly dismissed from defendant's law school pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and the Rehabilitation Act, 29 U.S.C. §§ 701-797. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996) (holding that we may affirm the district court on any grounds supported by the record), and we affirm.
 
 
 3
 Scott contends that the district court erred by granting summary judgment to WSU on Scott's claim that WSU improperly dismissed him from its law school in violation of both the ADA and the Rehabilitation Act. We disagree.
 
 
 4
 WSU dismissed Scott after his first year of law school because he failed to maintain the required grade point average ("GPA"). Scott wrote a series of letters seeking readmission. In his third letter to defendant, nearly five months after his dismissal, Scott first mentioned his alleged disability.
 
 
 5
 Under the Rehabilitation Act, a person with a disability is otherwise qualified if he "is able to meet all of a program's requirements in spite of his handicap." Southeastern Community College v. Davis, 442 U.S. 397, 406 (1979). To obtain relief, a plaintiff must show (1) that he is a disabled person within the meaning of the Act, (2) that he is otherwise qualified for the services sought, (3) that he is being excluded from the services solely by reason of his disability, and (4) that the program in question receives federal financial assistance. Dempsey v. Ladd, 840 F.2d 638, 640 (9th Cir.1988).
 
 
 6
 Because Scott did not maintain the GPA required to continue at WSU, it is indisputable that he was not "otherwise qualified for the services sought." See id.; see also Davis, 442 U.S. at 406. In addition, because Scott was dismissed before WSU knew about his alleged disability, he was clearly not excluded solely by reason of his disability. See Dempsey, 840 F.2d at 640.
 
 
 7
 To succeed on his ADA claim Scott would need to prove that (1) he is disabled, (2) WSU is a private entity which owns, leases or operates a place of public accommodation, and (3) WSU failed to make reasonable modifications in its policies, practices, or procedures to accommodate his alleged disability. See 42 U.S.C. § 12182(a) & (b). It is undisputed that WSU is a "public accommodation" within the meaning of Title III of the ADA. See 42 U.S.C. § 12181(7)(J). Even assuming that Scott is disabled, any modification in WSU's practices would "fundamentally alter the nature of [its] ... services." See 42 U.S.C. § 12182(b)(2)(A)(ii); see also Davis, 442 U.S. at 398-99[1] (noting that there is no requirement that educational institutions lower or substantially modify their standards to accommodate students' disabilities).
 
 
 8
 Because Scott failed to state a prima facie case of disability discrimination under either the ADA or the Rehabilitation Act, we affirm the district court's summary judgment for defendant. See Davis, 442 U.S. at 406; Reynolds, 84 F.3d at 1166.
 
 
 9
 Scott also contends that the district court should have allowed him to conduct further discovery before ruling on defendants' summary judgment motion. We disagree. Normally a district court's denial of discovery is reviewed for abuse of discretion. See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1442-43 (9th Cir.1986). When a district court enters summary judgment without ruling on a pending motion for discovery, "[b]ecause the district court did not exercise its discretion, the issue of whether or not it should have presents a legal question which is subject to de novo review." Garrett v. City & County of San Francisco, 818 F.2d 1515, 1518 n. 3 (9th Cir.1987). Because Scott cannot state a claim for relief, the district court did not err by denying the discovery motion. See Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981) (per curiam) (holding that a discovery motion is properly denied if district court is convinced that plaintiff will be unable to state a claim for relief).
 
 
 10
 To the extent Scott contends that the district court erred by failing to consider his opposition to defendants' summary judgment motion, this contention lacks merit. The district court referred to Scott's opposition in its order granting summary judgment.
 
 
 11
 Defendant has requested attorney fees on appeal pursuant to 42 U.S.C. § 12205, on the basis that Scott's claims are frivolous. Defendant's request is denied. See Hudson v. Western Airlines, Inc., 851 F.2d 261, 267 (9th Cir.1988); see also Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir.1987) (noting that it is legal error to not take into account a litigant's pro se status).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Scott's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Congress intended that judicial interpretation of the Rehabilitation Act be incorporated by reference when interpreting the ADA, we may look to cases involving claims under the Rehabilitation Act. See Collings v. Longview Fibre Co., 63 F.3d 828, 832 n. 3 (9th Cir.1995), cert. denied, 116 S.Ct. 711 (1996)