**Theodore Chester KULAS,
Plaintiff—Appellant,**

v.

**State of ARIZONA; Richard L. Pratt, Adoc Health Service Coordinator; T. Jolley, So Regional Health Administrator, Defendants—Appellees.**

No. 04–15527.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 21, 2005.[*]

Decided Nov. 28, 2005.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Theodore Chester Kulas, Tucson, AZ, pro se.

Paul Edward Carter, Esq., Office of the Arizona Attorney General, Tucson, AZ, for Defendants–Appellees.

Before: BEEZER and KOZINSKI, Circuit Judges, and CARNEY,** District Judge.

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

MEMORANDUM ***

■ 1. In civil rights claims brought under the Americans with Disabilities Act, attorney's fees can be granted to prevailing defendants only in "exceptional cases when the action is unreasonable, frivolous, meritless, or without foundation, or when the plaintiff continues to litigate after it clearly becomes so." *Herb Hallman Chevrolet, Inc., v. Nash–Holmes*, 169 F.3d 636, 645 (9th Cir.1999); *see also* 42 U.S.C. § 12205; *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir.2001). The district court was within its discretion in determining that Kulas's claims—filed within one month of nearly identical state court claims and a separate, nearly identical federal lawsuit—were "baseless, meritless, and frivolous."

■ The district court properly considered Kulas's ability, as a pro se plaintiff, to "recognize the objective merit (or lack of merit) of [his] claim." *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir.1987). After finding that Kulas "has represented himself in approximately 19 lawsuits filed in the District of Arizona alone ... [and] has represented himself before the Ninth Circuit more than 20 times, with some success," the district court was within its discretion in determining that Kulas "should be able to recognize the merits, or lack thereof, of his claims."

The district court also properly considered Kulas's financial resources, *see id.* at 621, finding that Kulas's "lack of resources ... has not deterred [him] in the least." The district court further found that "any 'financial ruin' which may potentially befall [Kulas] is due to frivolous suits such as this, a situation entirely of [Kulas's] own creation." Thus, the district court was

within its discretion in deciding to award attorney's fees to Arizona.

■ 2. Kulas did not raise below his constitutional objections to the hourly rate used by the district court in calculating the fee award, and we decline to consider them for the first time on appeal. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir.1990). The hourly fee limitations prescribed by the Prison Litigation Reform Act apply only to lawsuits in which attorney's fees are awarded to the plaintiff, *see* 42 U.S.C. §§ 1997e(d)(1)(A), (d)(3), and thus are inapplicable here. The district court was within its discretion in calculating the fee award against Kulas. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262–63 (9th Cir.1987) (fee award calculated by multiplying a reasonable hourly rate by the number of hours reasonably spent working on the case is presumptively reasonable).

AFFIRMED.

BEEZER, Circuit Judge, dissenting.

Attorney's fees are awarded against a civil rights plaintiff only if the plaintiff's action is frivolous, unreasonable or without foundation. *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). This standard is applied with special force when the plaintiff is proceeding pro se and may not be able to recognize the "subtle factual or legal deficiencies in his claims." *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). A district court should consider the financial resources of the plaintiff in awarding attorney's fees and may not advance the deterrent goal of attorney's fees at the cost of subjecting the plaintiff to financial ruin. *Miller v. L.A.*

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir.1987). Kulas was an indigent plaintiff proceeding pro se in a civil rights action. The award of attorney's fees was improper.