**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFF HOHLBEIN,

Plaintiff - Appellant,

v.

UTAH LAND RESOURCES LLC.;
MATSON INC., DBA The General Store,

Defendants - Appellees.

No. 11-16278

D.C. No. 3:08-cv-00347-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted January 5, 2012[**]

Before: GOODWIN and N.R. SMITH, Circuit Judges, and BLOCK, Senior
District Judge.[***]

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

      [***]     The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for Eastern New York, sitting by designation.

Hohlbein appeals the order awarding but reducing his attorneys' fees and costs after he prevailed on summary judgment in an Americans with Disabilities Act ("ADA") lawsuit. The summary judgment was granted by Judge Sandoval, who retired before the question of attorneys' fees and costs came before the Chief Judge to whom the case was assigned. We have jurisdiction under 28 U.S.C. § 1291, and we reverse. The facts and procedural history are known to the parties.

"We review the denial of attorney's fees for abuse of discretion and must affirm unless the district court applied the wrong legal standard or its findings were illogical, implausible or without support in the record." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citations omitted).

The court should award attorneys' fees and costs to a prevailing plaintiff under the ADA, 42 U.S.C. § 12205, unless special circumstances render the award unjust. *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008). "In making the award, the district court must strike a balance between granting sufficient fees to attract qualified counsel . . . and avoiding a windfall to counsel. The way to do so is to compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citations omitted); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health*, 532 U.S. 598, 602-03 & n.4 (2001) (recognizing that the analysis

2

is the same for many fee-shifting statutes, including the ADA's); *Poop Deck*, 537 F.3d at 1130.

The court decides whether to grant fees in three steps. First, the plaintiff must be the prevailing party. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). If so, the court calculates the "lodestar figure" by multiplying a reasonable rate by the number of hours reasonably expended. *Id.* Finally, the court consults the *"Kerr* factors," *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

In deciding whether to enhance or reduce the lodestar figure, the court considers "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Id.* The most important factor is the degree of success obtained. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

"A strong presumption exists that the lodestar figure represents a reasonable fee, and therefore, it should only be enhanced or reduced in rare and exceptional cases." *Fischer*, 214 F.3d at 1119 n.4 (internal quotation marks omitted). The Supreme Court approved this overall method in *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1671-73 (2010).

## A. Reduction of Attorneys' Fees

First, the district court's factual finding that The General Store quickly complied with the ADA is clearly erroneous. The record contains no evidence to support the finding that the defendants removed the barriers quickly or that they removed the barriers at all. To the contrary, the only evidence in the record is that the defendants did not comply with the ADA. Judge Sandoval made a finding that, eight months after Hohlbein filed the Complaint, the barriers were still present, and he granted summary judgment and ordered the injunction for that reason.

Second, the district court's finding that paying the requested fees would likely put The General Store out of business is clearly erroneous. The record contains no evidence of the defendants' financial status. Defendants had an opportunity to raise the ADA's "not readily achievable" defense, but they conceded in the interrogatories that compliance with the ADA was readily achievable. Based on that concession, they chose not to produce any financial

documents. Judge Sandoval relied on that concession when granting summary judgment.

Moreover, there is no evidence in the record of the cost of compliance. Although defendants' counsel has argued that complying with the ADA's requirements would be expensive, defendants have not provided any bids, plans, affidavits, or other evidence to support that contention.

Third, the district court committed a legal error by concluding that the amount of requested fees "would perhaps be appropriate against a large business entity, but it would be unjust in a case like this one [against] a relatively small establishment." We have never held that a court may consider a defendant's ability to pay when awarding fees to a plaintiff under the ADA.

The defendants rely on *Miller v. Los Angeles County Board of Education*, 827 F.2d 617, 621 (9th Cir. 1987). *Miller*, however, is distinguishable. In *Miller*, a pro se plaintiff pursued claims that lacked foundation, and the district court granted fees to the defendant. *Id.* at 619-20. On appeal, we held that a district court should consider, among numerous other factors, "the financial resources of the plaintiff in awarding fees to a prevailing defendant." *Id.* at 621. The fee-shifting statute in *Miller* was meant to discourage plaintiffs from knowingly pursuing frivolous, bad-faith, or foundationless claims. *Id.* at 619. The ADA's

5

fee-shifting statute, on the other hand, is meant to attract qualified counsel. *Miller* does not apply here.

Fourth, the district court erred by reducing Kilby's hourly rate without considering the uncontested evidence regarding (1) the result Kilby obtained, (2) the prevailing rates in the community, and (3) Kilby's skill, reputation, and experience. In fact, the district court did not consider any of the *Kerr* factors when reducing Kilby's hourly rate.

## B.    Reduction of the Expert's Fees and Costs

First, the district court's finding that the expert was overqualified was clearly erroneous because no evidence in the record supports that finding. Also, the defendants' counsel admitted that the defendants did not even know what portions of The General Store were in violation of the ADA until the expert produced his report. This admission suggests that specialized skill and knowledge were required and that a nonexpert would not have been able to identify the ADA violations.

Second, the district court reduced the expert's billed time from 37 hours to 8 hours, apparently concluding that 29 hours were unreasonably billed. The court did not explain what evidence in the record supported that inference. We remand for a meaningful explanation of that reduction. *See Moreno*, 534 F.3d at 1113.

Third, after the district court reduced the expert's billed time, it also denied all of the expert's remaining fees and costs, which totaled $3,956.67, without any explanation. We remand for a meaningful explanation of that reduction. *See id.*

In sum, we reverse and remand to the district court (1) to reconsider attorneys' fees and costs without taking into account the clearly erroneous findings of fact, (2) to consider the *Kerr* factors before reducing Kilby's hourly rate, (3) to discuss the evidence supporting the reduction of the expert's fees, and (4) to again consider awarding costs on appeal.

**REVERSED** and **REMANDED**.