**Johnnie M. CHESTER, Appellant,**

v.

**ST. LOUIS HOUSING AUTHORITY, Appellee.**

**No. 88–1462.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 5, 1988.

Decided April 27, 1989.

Johnnie M. Chester, pro se.

Larry D. Hale, St. Louis, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Johnnie M. Chester appeals pro se from a final order entered in the District Court[1] for the Eastern District of Missouri granting summary judgment and awarding attorney's fees in favor of the St. Louis Housing Authority (housing authority). *Chester v. St. Louis Housing Authority,* No. 87–46C(2) (E.D.Mo. Mar. 2, 1988) (order). For the reasons discussed below, we affirm the grant of summary judgment but reverse the attorney's fees award.

Chester was employed by the housing authority as a security supervisor. In April 1984 the housing authority demoted him to security officer and he resigned. In May 1985 Chester filed a lawsuit against the housing authority in federal district court, alleging the housing authority had denied him procedural due process by demoting him without first holding a hearing. He sought reinstatement, backpay and damages. The district court handled the lawsuit as a civil rights action. The jury returned a verdict in favor of Chester and awarded him damages in the amount of $10,000. The housing authority paid Chester in satisfaction of the judgment. There was no appeal.

Chester unsuccessfully sought reinstatement from the housing authority. In October 1986 he filed a motion in federal district court seeking reinstatement and backpay. The district court treated the motion as a Fed.R.Civ.P. 60(b) motion for post-judgment relief and denied it. This order was later affirmed on appeal. *Chester v. St. Louis Housing Authority,* 820 F.2d 259 (8th Cir.1987) (per curiam).

In January 1987 Chester returned to federal district court and filed a second pro se complaint, alleging the housing authority had demoted him and then refused to reinstate him on the basis of race and in retaliation for filing a civil rights complaint, in violation of the equal protection clause of the fourteenth amendment and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Chester sought $75,000 in damages. The district court granted summary judgment in favor of the housing authority on the grounds that the second action was barred by res judicata. *Chester v. St. Louis Housing Authority,* No. 87–46C(2), slip op. at 4 (E.D.Mo. Jan. 11, 1988) (memorandum and order). The district court also awarded the housing authority attorney's fees in the amount of $2,203.50. Slip op. at 2 (Feb. 16, 1988) (order). Various post-trial motions were denied and this appeal followed.

The district court correctly decided that the second action was barred by res judicata. The nucleus of operative facts in each action was the same, that is, Chester's demotion and resignation in 1984. The first and second actions involved the same parties and the same claim. Only the theories of recovery were different. Procedural due process was the theory of recovery in the first action; Title VII and equal protection were the theories of recovery in the second action. Because Chester could

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

have raised the Title VII and equal protection grounds in the first action, the final judgment in the first action barred further litigation of the same claim under a different theory of recovery. *E.g., Poe v. John Deere Co.,* 695 F.2d 1103, 1105 (8th Cir. 1982).

We believe, however, that the district court relied upon an incorrect legal standard in awarding attorney's fees to the housing authority as the prevailing defendant in this Title VII action. Title VII gives a district court the discretion to award attorney's fees to a prevailing party as part of the costs. 42 U.S.C. § 2000e–5(k). Unlike a prevailing *plaintiff* in a Title VII action, who "ordinarily is to be awarded attorney's fees in all but special circumstances," a successful Title VII *defendant* may be awarded attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 417, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (*Christiansburg*). In this context "the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his [or her] case." *Id.* at 421, 98 S.Ct. at 700. *Cf. Hughes v. Rowe,* 449 U.S. 5, 14–16, 101 S.Ct. 173, 178–79, 66 L.Ed.2d 163 (1980) (per curiam) (applying *Christiansburg* to attorney's fees award under 42 U.S.C. § 1988). "The strict nature of the *Christiansburg* standard is premised on the need to avoid undercutting Congress'[s] policy of promoting vigorous prosecution of civil rights violations under Title VII and [42 U.S.C.] § 1983." *Miller v. Los Angeles County Board of Education,* 827 F.2d 617, 619 (9th Cir.1987) (*Miller*).

In the present case the district court found only that "[Chester's] claim was without merit." Memorandum and order at 4. The district court's findings do not indicate that the housing authority's status as a Title VII *defendant* or *Christiansburg*'s limited reading of the term "meritless" was taken into account.

Nor was there any indication that the district court considered Chester's status as a pro se litigant. We agree with the Ninth Circuit that "*Christiansburg* should be applied in pro se cases with attention to the plaintiff's ability to recognize the merits of his or her claims." *Miller,* 827 F.2d at 620. "[P]ro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Id., citing Hughes v. Rowe,* 449 U.S. at 15, 101 S.Ct. at 178–79, *and Reis v. Morrison,* 807 F.2d 112, 113 (7th Cir.1986). We think that pro se status is particularly relevant in cases like the present one in which the defendant prevails on grounds, such as res judicata, that involve procedural rules that are difficult even for experienced lawyers and judges to apply, much less lay persons.

Moreover, this is not a case in which the pro se plaintiff has repeatedly attempted to litigate claims previously found to be frivolous. In fact, Chester's first action was resolved in his favor after a jury trial.

Accordingly, the order of the district court is affirmed in part and reversed in part.