27 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard A. DUNCAN; Lorraine J. Duncan, Plaintiffs-Appellees,
v.
VILLAGE OF MIDDLEFIELD, Defendant-Appellant.
 No. 93-3818.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1994.
 
 Before: MILBURN and SILER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, the Village of Middlefield, Ohio ("Village"), appeals the district court's denial of its motion for attorney's fees pursuant to 42 U.S.C. Sec. 1988. On appeal, the issues are (1) whether the district court erred when it reversed its earlier grant of attorney's fees without affording the parties the opportunity to be heard, (2) whether the district court erred in concluding that plaintiffs' action was not frivolous even though the action was barred on statute of limitations grounds, (3) whether the district court erred in denying the Village's motion for attorney's fees because the district court ignored the Village's argument that plaintiffs' action was barred under the doctrine of res judicata, and (4) whether the plaintiffs are entitled to special consideration because they elected to pursue their litigation pro se. For the reasons that follow, we affirm.
 
 I.
 
 2
 In May 1988, plaintiffs Richard and Lorraine Duncan ("the Duncans") sued the Village under 42 U.S.C. Sec. 1983, alleging that the Village unconstitutionally deprived them of the use of their property when it denied them a zoning variance which would have allowed them to construct an eight-unit multi-family residential dwelling behind the existing duplex on their property. Prior to bringing their Sec. 1983 action in federal court, the Duncans had filed five previous actions in the Ohio courts, each of which challenged the constitutionality of the Village's zoning ordinance as applied to the plaintiffs' property.[1]
 
 
 3
 In March 1991, the district court granted the Village's motion for summary judgment, finding that the Duncans' claims were barred by the statute of limitations as well as the doctrine of res judicata. Richard Duncan appealed the district court's grant of summary judgment.[2] On December 20, 1991, this court affirmed the district court's grant of summary judgment.
 
 
 4
 Subsequently in February 1992, the Village filed a motion, pursuant to 42 U.S.C. Sec. 1988, seeking reimbursement of the attorney's fees which it paid to defend the Duncans' original action and Richard Duncan's appeal. In an opinion and order dated September 11, 1992, the district court found that the Duncans' Sec. 1983 action was frivolous and Richard Duncan's appeal was also frivolous. Accordingly, the district court awarded attorney's fees to the Village. The Duncans timely appealed to this court.
 
 
 5
 On March 25, 1993, this court vacated the district court's order granting attorney's fees and remanded to the district court. Specifically, this court stated that "we conclude that remand is necessary because the district court has not furnished a sufficient explanation of its reasons for concluding that plaintiffs' action was frivolous." See Duncan v. Village of Middlefield, No. 92-4088, slip op. at 2 (6th Cir. Mar. 25, 1993) (unpublished). This court also stated:
 
 
 6
 It appears from the district court's memorandum of opinion that the court relied entirely on what it mistakenly thought was our finding in a previous appeal of this case, Duncan v. Village of Middlefield, No. 91-3341 (6th Cir. Dec. 20, 1991) (per curiam), viz., that principles of res judicata barred plaintiffs from obtaining relief. In fact, the language relied on by the district court came from a previous district court memorandum. We only quoted it for the purposes of disagreeing with it, for we stated, "[W]e do not believe this claim was barred by either the statute of limitations or the doctrine of res judicata ...," id., slip op. at 3. We then affirmed, but only on other grounds.
 
 
 7
 Id.
 
 
 8
 Thereafter, on April 5, 1993, the Village filed a petition for rehearing, requesting that this court correct a mistaken summary of its December 20, 1991, opinion. In an order dated May 20, 1993, this court clarified its earlier order of March 25, 1993. This court stated:
 
 
 9
 [W]e note that language in the court's prior order stating that it had not relied on the doctrine of res judicata or the statute of limitations to affirm the district court's judgment of dismissal was only used to describe this court's decision to affirm the dismissal of plaintiff's unjust compensation claim. This claim was properly dismissed because it was not ripe for federal review given the existence of a remedy for the plaintiffs to pursue in state court. As for plaintiffs' other due process and equal protection claims, we did affirm the dismissal of these claims as untimely because they were filed beyond the applicable two-year statute of limitations provided under Ohio law.
 
 
 10
 Duncan v. Middlefield, No. 92-4088, slip op. at 1-2 (6th Cir. May 20, 1993) (unpubished).
 
 
 11
 On July 6, 1993, the district court, without further input from either party, issued an opinion and order on remand in which it found that the Duncans' claims were not frivolous and the Village was not entitled to attorney's fees under 42 U.S.C. Sec. 1988. The district court further ordered that the Village return the full amount of fees which it had collected from the Duncans. This timely appeal by the Village followed.[3]
 
 II.
 A.
 
 12
 The Village argues that the district court erred in July 1993, when, without notice or input from the parties, it issued its order denying attorney's fees, an order which was in effect a reversal of the district court's September 1992 award of attorney's fees. Specifically, the Village asserts that when the district court in July 1993 reached an opposite conclusion from that which it had reached in September 1992 and denied the attorney's fees award, it was deprived of an opportunity to be heard on the issue.
 
 
 13
 However, as the Village states in its brief on appeal, the Village was accorded an opportunity to be heard on the issue of attorney's fees because the district court issued its September 11, 1992, order "relying on the pleadings and evidence presented on the motion for fees." Appellant's brief, p. 12. Further, the Village asserts that had it been afforded the opportunity to brief the issue of attorney's fees, it could have persuaded the district court that the Duncans' action was frivolous. Appellant's brief, pp. 14-15. However, the Village has not identified any evidence which was not already before the district court as a result of the evidence presented to the district court prior to its September 11, 1992, order. Furthermore, the Village's argument that it could have persuaded the district court that the Duncans' action was frivolous is essentially nothing more than a reiteration of the procedural history of this action and the Duncans' prior state court litigation, of which the district court was obviously aware. Thus, the Village was not denied an opportunity to be heard on the issue of attorney's fees.
 
 
 14
 Further, the cases relied on by the Village are inapposite. In Arizona v. California, 460 U.S. 605, 618 (1983), the Supreme Court stated that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case. This law of the case refers to a court's power to reconsider and modify its own prior interlocutory rulings. United States v. Uccio, 940 F.2d 753, 758 (2d Cir.1991). However, in this case, the district court did not sua sponte reconsider its own ruling on the issue of attorney's fees. Rather, the district court reconsidered the issue only after this court vacated the district court's award of attorney's fees because the district court had failed to furnish a statement of specific reasons in support of its finding that the Duncans' action was frivolous.
 
 
 15
 Moreover, the law-of-the-case doctrine is not an inviolate rule and does not limit a district court's power. Rather, "the decision whether or not to apply law-of-the-case is, in turn, informed principally by the concern that disregard of an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine." Uccio, 940 F.2d at 758. In this instance, "prejudice" means a "lack of sufficient 'opportunity to prepare armed with the knowledge that [the prior ruling is not deemed controlling].' " Id. (quoting United States v. Birney, 686 F.2d 102, 107 (2d Cir.1982)). As noted above, the Village was not prejudiced because it was not denied any opportunity to prepare in connection with its motion for attorney's fees. All of the evidence concerning the Village's motion for attorney's fees was available to the district court well before it issued its July 1993 order. Furthermore, the Village has failed to identify any new evidence concerning its motion for attorney's fees which it could have presented to the district court prior to the issuance of the court's July 1993 order. Thus, the Village's argument that it was prejudiced when the district court entered its July 1993 order denying attorney's fees without notice to the parties is meritless.[4]
 
 B.
 
 16
 The Village also argues that the district court's denial of its motion for attorney's fees was an abuse of discretion. Specifically, the Village argues that the district court erred in concluding that the Duncans' Sec. 1983 action was not frivolous because it was barred by the applicable statute of limitations, that the district court erred in concluding that the Duncans' Sec. 1983 action was not frivolous because it was barred by the doctrine of res judicata, and that the district court erred by according special consideration to the Duncans based on their pro se status.[5]
 
 
 17
 The general rule, known as the "American Rule," is that each party to a lawsuit is responsible for his or her own attorney's fees. See Alyeska Pipeline Service Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 258-59 (1975). However, "[t]he Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. Sec. 1988, authoriz[es] the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). A district court's denial of attorney's fees to the prevailing party is reviewed for an abuse of discretion. Black v. Ryder/P.I.E. Nationwide, Inc., 970 F.2d 1461, 1472 (6th Cir.1992).
 
 
 18
 "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley, 461 U.S. at 429 n. 2 (citing, among others, Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978)). See also Christian v. Belcher, 888 F.2d 410, 417 (6th Cir.1989) ("The Supreme Court has made clear that attorney's fees may not be awarded against a civil rights plaintiff unless 'the plaintiff's action [is] "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." ' ") (quoting Hughes v. Rowe, 449 U.S. 5, 14 (1980) (per curiam) (quoting Christiansburg Garment Co., 434 U.S. at 421)).
 
 
 19
 Furthermore, "while ... pleadings submitted pro se will be accorded a measure of leniency to assure that meritorious claims will not be dismissed for inartful draftsmanship, there is no authority for the contention that pro se litigants are entitled to a more lenient application of substantive law." Wolfel v. United States, 711 F.2d 66, 67 (6th Cir.1983) (citation omitted). "A litigant who chooses himself as legal representative should be treated no differently [than a litigant represented by an attorney]." Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) (footnotes omitted).
 
 
 20
 Nevertheless, "[t]he Christiansburg standard is applied with particular strictness in cases where the plaintiff proceeds pro se." Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir.1987) (citing Hughes, 449 U.S. at 15-16). " 'The strict nature of the Christiansburg standard is premised on the need to avoid undercutting Congress'[s] policy of promoting vigorous prosecution of civil rights violations under Title VII and [42 U.S.C.] Sec. 1983.' " Chester v. St. Louis Hous. Auth., 873 F.2d 207, 209 (8th Cir.1989) (quoting Miller, 827 F.2d at 619). " 'Christiansburg should be applied in pro se cases with attention to the plaintiff's ability to recognize the merits of his or her claims.' " Id. (quoting Miller, 827 F.2d at 620). A pro se plaintiff cannot be presumed to have the same ability as a plaintiff represented by counsel to recognize the merit, or lack of merit, of a claim. Id. Moreover, "pro se status is particularly relevant in cases ... in which the defendant prevails on grounds, such as res judicata, that involve procedural rules that are difficult even for experienced lawyers and judges to apply, much less lay persons." Id.
 
 
 21
 The Village argues that the district court erred in finding that the Duncans' action was not frivolous even though it was barred by the statute of limitations. However, merely "[a]sserting a time-barred claim alone does not justify an award of attorney's fees." Hoover v. Armco, Inc., 915 F.2d 355, 357 (8th Cir.1990), cert. denied, 499 U.S. 961 (1991). The statute of limitations is an affirmative defense which the defendant must raise pursuant to Federal Rule of Civil Procedure 8(c). Id. The plaintiff is not required to anticipate that a defendant would raise it. Id. "No one knows for certain whether a potential affirmative defense will be in fact pled. The law books are replete with decisions where counsel has failed to file an affirmative defense or failed to file it timely." Ford v. Temple Hosp., 790 F.2d 342, 348-49 (3d Cir.1986).
 
 
 22
 Thus, the district court did not err in concluding that the initiation of the Duncans' action, the filing of the complaint, was not frivolous, even though the complaint was time-barred by the statute of limitations. Id. at 349. Further, even though the Duncans ultimately did not prevail either in the district court or on appeal, they had some basis for arguing that the Village's denial of a variance for multi-family dwellings constituted a "continuing wrong" which tolled the statute of limitations during the pendency of their prior state court actions. See, e.g., Gordon v. City of Warren, 579 F.2d 386, 391-92 (6th Cir.1978).
 
 
 23
 In applying the Christiansburg standard, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." Christiansburg, 434 U.S. at 421-22. Therefore, the district court did not abuse its discretion in denying the Village's motion for attorney's fees on the ground that the Duncans' action was barred by the statute of limitations.
 
 
 24
 The Village further argues that the district court erred because it did not respond to the Village's argument that the Duncans' claims were frivolous because they were barred by the doctrine of res judicata. The Village asserts that "had the District Court considered the Village's argument that the previous litigation of these issues by the Duncans rendered the present litigation frivolous, the District Court would not have reversed the fee award." Appellant's brief, p. 18.
 
 
 25
 In this case, the district court did not address the Village's res judicata arguments in its order denying attorney's fees. However, because we are convinced that the district court would have abused its discretion had it awarded attorney's fees, the district court's failure to address the Village's res judicata argument does not constitute reversible error. Contrary to the Village's argument, the Duncans' status as pro se litigants is highly relevant to the question as to whether the Duncans' action was vexatious, frivolous, or brought to harass or embarrass the defendant. Christiansburg, 434 U.S. at 421. Given the Duncans' pro se status, the Christiansburg standard is to be strictly applied, "particularly [where] the defendant prevails on grounds, such as res judicata, that involve procedural rules that are difficult even for experienced lawyers and judges to apply, much less lay persons." Chester, 873 F.2d at 209.
 
 
 26
 Furthermore, on appeal from the district court's grant of summary judgment on the merits of the Duncans' claims, this court stated that "we do not believe [that the Duncans' Fifth and Fourteenth Amendment claim for the taking of property without just compensation] was barred by either the statute of limitations or the doctrine of res judicata." Duncan v. Middlefield, No. 91-3341, slip op. at 3 (6th Cir. Dec. 20, 1991) (per curiam) (unpublished). Therefore, since Richard Duncan had at least a colorable, and ultimately successful, argument that all of his claims were not barred by the doctrine of res judicata, the district court could not have concluded that, on the grounds of res judicata, the Duncans' action was "vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley, 461 U.S. at 492 n. 2. Accordingly, had the district court awarded attorney's fees to the Village on the ground that the Duncans' claims were barred by the doctrine of res judicata, it would have abused its discretion.
 
 III.
 
 27
 For the reasons stated, the district court's judgment denying attorney's fees is AFFIRMED.
 
 
 
 [1]
 The history of the Duncans' state court litigation is aptly summarized in the district court's opinion on the merits of their Sec. 1983 action. See Duncan v. Village of Middlefield, Case No. C88-1238, slip op. at 2-5 (N.D.Ohio Mar. 11, 1991)
 
 
 [2]
 Lorraine Duncan's name did not appear on the notice of appeal. Rather, the notice of appeal listed the plaintiffs as "Richard Duncan, et al." Thus, Lorraine Duncan was not a party to the appeal. See Minority Employees of the Tenn. Dept. of Employment Sec., Inc. v. Tennessee, 901 F.2d 1327, 1330 (6th Cir.) (en banc) (the term "et al." is insufficient, under Federal Rule of Appellate Procedure 3(c), to name an appellant in a notice of appeal), cert. denied, 498 U.S. 878 (1990). We note that Fed.R.App.P. 3(c) was amended subsequent to Richard Duncan's appeal
 
 
 [3]
 The Duncans are also proceeding pro se on this appeal
 
 
 [4]
 The Village also attempts to attack the district court's July 1993 order by arguing that the district court was unaware of this court's order of May 20, 1993, which clarified our earlier order of March 25, 1993. As the Village correctly notes, the district court's July 1993 order quotes from our order of March 25, 1993. See Duncan v. Middlefield, No. C88-1238, slip op. at 3 (N.D.Ohio July 6, 1993) (unpublished). The Village asserts that this quotation shows that the district court was unaware of this court's order of May 20, 1993. However, in its order of July 6, 1993, the district court also stated that "the Sixth Circuit affirmed the judgment for Middlefield on ripeness and statute of limitations grounds." Duncan, No. C88-1238, slip op. at 4. Since this language paraphrases our statements in our order of May 20, 1993, Duncan v. Middlefield, No. 92-4088, slip op. at 1-2 (6th Cir. May 20, 1993) (unpublished), the Village's assertion that the district court was unaware of this court's order of May 20, 1993, is clearly meritless
 
 
 [5]
 Because the resolution of these issues is somewhat intertwined, they are considered together