NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 30, 2008
Decided December 10, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-3728

| | |
|---|---|
| DEBORAH WALTON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:05-cv-902-RLY-TAB |
| CITY OF CARMEL, et al., | |
| *Defendants-Appellees.* | Richard L. Young, |
| | *Judge.* |

**O R D E R**

When Deborah Walton purchased her home in Carmel, Indiana, in 2000, she agreed to a host of covenants and restrictions—chief among them an easement permitting the Claybridge Homeowners Association (CHA) to maintain an entry wall and sign on a corner of her property. That wall runs to the edge of an adjacent road, and by doing so it interferes with the City of Carmel's right-of-way (i.e. the road shoulder). After Walton notified the city of the problem (and requested that the city remove the entire wall), the city contacted the CHA. The CHA proposed a substitute solution—that the city consent to the encroachment on to its right-of-way. To that end the CHA filed a formal request, which the Carmel Board of Public Works and Safety approved following a public hearing.

Walton responded by suing the City of Carmel, its mayor, the city attorney, the CHA, and various other individuals under 42 U.S.C. § 1983, claiming that the city's consent-to-encroachment deprived her of property without due process of law. According to Walton, her lot runs to the middle of the street—which we will assume to be true for the purposes of this appeal only, *see Madison v. Frazier*, 539 F.3d 646, 652 (7th Cir. 2008)—and thus the city and the CHA needed her permission before the city could consent to the encroachment. The district court granted summary judgment for the defendants, though, reasoning that the city consented only "to CHA's wall encroaching on whatever property interest [the city] has in the right-of-way," nothing more. Thus, the court concluded, Walton's property rights were unaffected. Walton insists otherwise on appeal.

We review a district court's grant of summary judgment de novo. *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 780 (7th Cir. 2007). To withstand summary judgment, Walton, as the nonmoving party, must provide specific facts such that a jury could reasonably find in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Walton renews her argument on appeal that her property reaches "to the center of the street, despite the existence of the right of way," and therefore the city needed her permission before it could consent to the encroachment. But Walton cannot get past the fatal defect identified by the district court: the record shows that the city agreed only to abandon any objection it had to the encroachment on *the city's* right-of-way; nothing about the consent agreement ratifies an intrusion on *Walton's* property (whatever its dimensions). And Walton acknowledges that the right-of-way itself does not belong to her. We agree with the district court's reasoning and the magistrate judge's report, which aptly summarizes Walton's theory and its failing:

> Plaintiff seems to be arguing that Carmel is required to protect whatever interest she has in the [land on which the right-of-way sits] by not giving up its rights without her consent, and if Carmel fails to do so, then she is deprived of due process under the Fifth and Fourteenth Amendments. Because the Constitution does not impose this requirement on Carmel, Plaintiff's due process claim fails.

Walton has no right under the Constitution to the affirmative assistance of the government in protecting her property. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989). Accordingly, the judgment of the district court is

AFFIRMED.