**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2011[*]
Decided August 3, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3970

| | |
|---|---|
| DEBORAH WALTON, | Appeal from the United States District |
|  *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|   *v.* | |
| | No. 1:09-cv-1136-TWP-DML |
| CLAYBRIDGE HOMEOWNERS | |
| ASSOCIATION, INC., et al., | Tanya Walton Pratt, |
|  *Defendants-Appellees.* | *Judge.* |

**O R D E R**

About 10 years ago, Deborah Walton, who is black, purchased a house in Claybridge at Springmill, a development nestled within the Springmill Streams subdivision in Carmel, Indiana. A dispute soon erupted about an easement that the Claybridge Homeowners Association maintains on Walton's lot. This suit under 42 U.S.C. § 1983 is the latest installment in the barrage of litigation that has followed. *E.g.*, *Walton v. City of Carmel*, 301 F. App'x 561 (7th Cir. 2008); *Walton v. Claybridge Homeowners Ass'n*, 191 F. App'x 446 (7th Cir.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

2006); *Walton v. Claybridge Homeowners Ass'n*, 941 N.E.2d 566 (Ind. App. 2011) (unpublished table disposition); *Walton v. Claybridge Homeowners Ass'n*, 874 N.E.2d 1083 (Ind. App. 2007) (unpublished table disposition); *Walton v. Claybridge Homeowners Ass'n*, 825 N.E.2d 818 (Ind. App. 2005).

Walton's present complaint boils down to a contention that she suffered constitutional injury when she lost the easement dispute in state court. Walton says that the state judge, one of the defendants, gave rights in her land "to an All White Group of People" and, worse still, ordered her "into Slavery" by resolving the property dispute in the association's favor. As for the numerous other defendants, including the association, the complaint simply asserts, without explanation, that they collectively "interfered" with Walton's property and contract rights. Walton demanded that the state judge be compelled to reverse his adverse decision and that damages be assessed against the other defendants. The district court addressed the merits of the complaint, dismissed it with prejudice, and then awarded attorneys' fees to the association and several related defendants for prevailing against Walton's "baseless" suit. *See* 42 U.S.C. § 1988(b).

On appeal, Walton devotes most of her brief to criticizing the district court's reliance on judicial immunity as the basis for dismissing her suit as against the state judge. We need not address her concerns, however, because the complaint ought to have been dismissed for lack of subject-matter jurisdiction, a point we must raise sua sponte even though it has been overlooked by the defendants. *Elam v. Kan. City S. Ry.*, 635 F.3d 796, 802 (5th Cir. 2011); *Robins v. Ritchie*, 631 F.3d 919, 924 (8th Cir. 2011); *Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 453 (7th Cir. 2009). Walton's frivolous demand for injunctive relief from the state judge's "rulings" is an attack on the adverse decision resolving the easement dispute; so too is her demand that the remaining defendants be ordered to "return" whatever rights they gained from that decision and pay damages for opposing her position. The *Rooker-Feldman* doctrine stripped the district court of jurisdiction to involve itself in Walton's blatant attempt at an appeal, notwithstanding her allegations that the state court's judgment runs afoul of the United States Constitution. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Carmona v. Carmona*, 603 F.3d 1041, 1050-51 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 1492 (2011); *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009), *cert. denied*, 130 S. Ct. 1911 (2010); *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008). Accordingly we modify the judgment to reflect that Walton's suit is dismissed for want of subject-matter jurisdiction.

Walton also challenges the district court's award of attorneys' fees under § 1988. We have held that a district court has the authority to enter an award of fees in a case that falls outside its subject-matter jurisdiction, *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 925-

30 (7th Cir. 2000), although the circuits are divided on this question, *compare United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1055-58 (10th Cir. 2004) (adopting our reasoning), *with Branson v. Nott*, 62 F.3d 287, 292-93 (9th Cir. 1995) (holding that district courts do *not* have authority to award fees in cases that fall outside their subject-matter jurisdiction); *W.G. ex rel. D.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (same); *Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990) (same). *See also District of Columbia v. Jeppsen ex rel. Jeppsen*, 514 F.3d 1287, 1289 (D.C. Cir. 2008) (noting conflict but not taking a side); *Wendt v. Leonard*, 431 F.3d 410, 414 (4th Cir. 2005) (same). We are presented with no justification to abandon our position today. Still, Walton insists that the court should have gone easy on her. Even if her complaint suffers fatal defects, she contends, she is just a pro se plaintiff poorly versed in the "complex legal doctrines" implicated by her claims. But pro se plaintiffs do not get a free pass. *Hughes v. Rowe*, 449 U.S. 5, 15 (1980); *Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000); *Chester v. St. Louis Hous. Auth.*, 873 F.2d 207, 209 (8th Cir. 1989); *Bacon v. Am. Fed'n of State, Cnty., & Mun. Emps. Council, # 13*, 795 F.2d 33, 34-35 (7th Cir. 1986). Over the course of 10 years, Walton has filed multiple suits aimed at ridding herself of the easement on her lot. The issue is now definitively resolved, and Walton's refusal to accept defeat has become vexatious. Not only that, but her allegation that the state-court judgment runs afoul of the Thirteenth Amendment is preposterous.

The Supreme Court has instructed that " 'a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless.' " *Hughes*, 449 U.S. at 15 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). We have no doubt that Walton's "baseless" claims rise to this standard. Her suit, as we have explained, is clearly improper, *see Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 852 (9th Cir. 2007) (affirming grant of fees because allegations were "wholly without merit" and result was "obvious"); *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) (same); *Price v. Hawaii*, 939 F.2d 702, 709 (9th Cir. 1991) (same), no more than a forbidden attempt to relitigate a well-settled issue, *see Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 303 (6th Cir. 2008) (explaining that fees are appropriate when complaint raises "already-settled legal matters"); *Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987) (same); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 252 (2d Cir. 1985) (same). And we warn Walton that, in addition to attorneys' fees, she may subject herself to monetary sanctions and restrictions on future suits if she continues to abuse the judicial process. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED as MODIFIED.