NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2022[*]
Decided September 1, 2022

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1240

| | |
|---|---|
| DEBORAH WALTON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:21-cv-00419-JRS-TAB |
| FIRST MERCHANTS BANK, *Defendant-Appellee*. | James R. Sweeney II, *Judge*. |

**O R D E R**

First Merchants Bank forgave without penalty two loans it provided to Deborah Walton. Rather than accept her good fortune, Walton sued the Bank, asserting that it violated the Fair Credit Billing Act, *see* 15 U.S.C. § 1666(a), by not issuing loan statements or accepting payments on the forgiven loans. The district court dismissed Walton's suit as

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

"utterly baseless" and entered judgment on the pleadings in the Bank's favor. On appeal, Walton makes only frivolous arguments. We dismiss the appeal and impose sanctions.

This lawsuit—one of more than 20 that Walton has filed in the Southern District of Indiana—is (at least) the third that she filed against First Merchants Bank. In September 2019, on the eve of trial between the parties in another suit, the Bank forgave two of Walton's loans to end their banking relationship. The Bank stopped issuing Walton loan statements or accepting payments she submitted. The Bank told Walton's attorney (who represented her in the other suit) that it had forgiven the loans and returned her checks. For reasons the record does not reflect, Walton kept trying to make loan payments. After the Bank refused to accept one such payment, she sent a letter on November 14, 2019, disputing that her loans had been "charged off."

The Bank received her letter on November 20 and emailed Walton's attorney the next day to inform him again that it had forgiven Walton's loans and already returned Walton's checks to the attorney. Walton's attorney responded that he represented Walton only in her other suit against the Bank. So on December 12, the Bank wrote to Walton directly, informed her of its correspondence with her attorney, explained that her loans had been forgiven, assured her that the loan forgiveness would not affect her credit, and then mailed the checks to her directly.

Nearly a year later, on September 14, 2020, Walton sent the Bank a second letter. In this letter, she inquired "why [her] loan payments are not being accepted" and asked for loan statements. The Bank did not respond.

Walton sued the Bank under the Fair Credit Billing Act, 15 U.S.C. § 1666(a), and its implementing regulation, known as "Regulation Z," 12 C.F.R. § 226.13(b)(1). The Act establishes procedural rights and requirements for consumers seeking to resolve billing errors. She alleged that the Bank violated the Act by failing to resolve her dispute over her payments and the loan statements. The Bank moved both for judgment on the pleadings as well as for sanctions.

The court granted the Bank's motion for judgment on the pleadings. The court explained that the untimeliness of Walton's suit was apparent from the face of the complaint, given that she sued on February 23, 2021—more than a year after the Bank allegedly violated the Act. *See* 15 U.S.C. § 1640(e) (one-year statute of limitations). The court added that her allegations failed to state a claim because the pleadings showed that the Bank responded to and resolved her allegations within the statutory timeframe. *See id.*

§ 1666(a)(3)(A), (B). The court sanctioned Walton for willful abuse of the judicial process and awarded attorney's fees to the Bank. The court's determination of how much to award is pending.

Walton makes two frivolous arguments that her suit was timely. First, she imputes unexplained significance to the fact that her November 2019 letter to the Bank was not a dispute letter. But she waived this argument by arguing the opposite in the district court. *See Mahran v. Advocate Christ Med. Ctr.*, 12 F.4th 708, 710 (7th Cir. 2021). In any case, this argument is self-defeating because, without that letter, the Bank had no response obligation at all. *See* 12 C.F.R. § 226.13(b)(1), (c) (requiring creditors to respond within 60 days to disputed charges or errors).

Second, Walton asserts that the limitations period was renewed each time the Bank did not respond to a letter she sent, including her letter of September 14, 2020. But this argument has no legal basis. The Bank did not need to respond to her disputes over errors more than 60 days old, *id.*, and Walton identifies no support that suggests otherwise.

Walton also generally appeals the court's decision to award attorney's fees to the Bank. But we lack jurisdiction to consider this challenge because an attorney-fee award that does not specify an amount is not a final judgment. *See* 28 U.S.C. § 1291; *McCarter v. Ret. Plan for Dist. Managers of Am. Family Ins. Grp.*, 540 F.3d 649, 654 (7th Cir. 2008).

In a separately filed motion before this court, the Bank asks us to sanction Walton for filing a frivolous appeal. FED. R. APP. P. 38. The Bank asserts that Walton's brief includes multiple false representations and reiterates arguments that the district court derided as "utterly baseless." The Bank also highlights Walton's long history of incurring sanctions for false and frivolous filings in various courts.

Monetary sanctions have not deterred Walton from filing frivolous suits and appeals. More than a decade ago, we warned her that pursuing frivolous litigation would lead to monetary penalties and potentially a *Mack* bar. *Walton v. Claybridge Homeowners Assoc., Inc.*, 433 F. App'x 477, 479–80 (7th Cir. 2011) (citing *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995)). She persists in pursuing frivolous litigation, *see, e.g., Walton v. First Merchants Bank*, 820 F. App'x 450, 456 (7th Cir. 2020); *Walton v. First Merchants Bank*, No. 21-2021, Dkt. 24 (7th Cir. Nov. 5, 2021), and we have imposed monetary sanctions without apparent effect. We now direct the clerks of all federal courts in this circuit to return unfiled any papers that Walton tries to file for two years, other

than in cases concerning a criminal prosecution against her or a habeas corpus proceeding. *See Mack*, 45 F.3d at 186.

This appeal is DISMISSED as frivolous. The clerks of all federal courts in this circuit are hereby ORDERED to return unfiled any papers submitted to this court by or on behalf of Deborah Walton, with the exceptions previously noted.